In the Matter of the Petition of GEORGE W. McLEAN, as Receiver of Taxes, to enforce payment of a tax for personal property imposed on the WYANDANCE BRICK AND TERRA COTTA COMPANY, Appellant.

A party to a judicial proceeding may waive an objection founded on want of jurisdiction of his person, and he does waive it by a general appearance, and proceeding to a trial upon the merits.

Proceedings for the assessment of property are of a judicial character, and assessors in making an assessment act judicially.

Where, therefore, a party who deems himself aggrieved by their proposed action, appears before assessors, submits proof in support of his claims, asks to have his assessment reduced and obtains a reduction, without making other objection, he is precluded from subsequently claiming that the assessors had no jurisdiction to tax him at all.

A manufacturing company, whose certificate of incorporation stated that its operations were to be carried on in the county of Suffolk, had a place of business in the city of New York, where its financial transactions were conducted; it was assessed for the amount of its capital stock in said city. Upon notice of the filing of the assessment roll said company filed with the assessors a verified written statement, which set forth that its principal office, or the place for transacting the financial business, was situated in said city, but made no claim that it was a nonresident. Upon this statement and the evidence presented, a reduction

was made in the assessment. The tax subsequently levied was not paid. In proceedings to compel said company to pay a fine as a delinquent taxpayer it claimed that it was a non-resident and so that the assessors had no jurisdiction. *Held*, that the objection was waived.

Reported below, 66 Hun, 122.

(Argued April 10, 1893; decided April 18, 1893.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made November 18, 1892, which affirmed an order of Special Term, imposing a fine upon the Wyandance Brick and Terra Cotta Company for neglecting and refusing to pay the personal tax assessed against it for the year 1890.

The facts, so far as material, are stated in the opinion.

*D. G. Harriman* for appellant. Before a proceeding which may affect both the liberty and the property of a person can be upheld, the substantial affirmative is upon the party claiming that right to allege and prove that he has jurisdiction over the person and property of that person, and that all legal requirements have been strictly followed. The petitioner has failed to allege in his petition and prove jurisdictional acts which should have been done before this proceeding can be sustained. The appellant is not required to prove a negative. (*In re Second Avenue M. E. Church*, 66 N. Y. 395; *Tingue* v. *Portchester*, 101 id. 299; 1 Greenl. on Ev. § 74; *Bouton* v. *City of Brooklyn*, 15 Barb. 375, 395; *In re Ingraham*, 64 N. Y. 310; *Heinemann* v. *Head*, 62 id. 448; *Costigan* v. *M. & H. R. R. Co.*, 2 Den. 609.) The petition fails to allege jurisdictional facts, without which this proceeding cannot be upheld. (*In re Babcock*, 115 N. Y. 450; *T. S. R. R. Co.* v. *Mayor, etc.*, 91 id. 593; Laws of 1882, chap. 410, §§ 828, 829, 831, 832; *People* v. *Comrs. of Taxes*, 91 N. Y. 592; *Clark* v. *Norton*, 49 id. 243; *Overing* v. *Foote*, 65 id. 264; *Mygatt* v. *Washburn*, 15 id. 316; *Bank of Chemung* v. *Elmira*, 53 id. 58; *In re Smith*, 52 id. 526; *In re Phillips*, 60 id. 16; *In re Burmeister*, 76 id. 174.) The return of the warrant unsatisfied means that the marshal had failed

to collect under it as directed, and not that the appellant has no goods or chattels upon which to levy.  He had no authority under the warrant to levy upon and sell the chattels of appellant, only to collect, and until an attempt has been made to levy upon the goods and chattels of appellant in New York, this proceeding is not authorized. (Laws of 1882, chap. 410, §§ 853, 857.)  The court exceeded its authority in imposing a fine upon appellant, which included the interest on the amount of the tax, amounting to $103.06. (Laws of 1882, chap. 410, § 857.)  No demand for payment of the tax has been made by the receiver of taxes in person, as required by law before this proceeding was brought. (Laws of 1882, chap. 410, § 848; 123 N. Y. 142; 77 id. 342; 61 id. 261; 53 id. 49, 50; *Oswego* v. *Dilloway*, 21 id. 449.)  To be taxable for personal property in New York county, the party must be, and must be proven to be, a resident of New York county. (Laws of 1892, chap. 410, § 1127.)  The fact that appellant had an office for the transaction of its financial concerns in New York city did not bring appellant within the jurisdiction of New York city assessors for the purpose of taxation. (*O. S. Co.* v. *Dilloway*, 21 N. Y. 449; 82 id. 351; 44 Hun, 545; *C. M. Co.* v. *Coleman*, Id. 545; *U. S. Co.* v. *City of Buffalo*, 82 N. Y. 351.)

*John G. H. Meyers* for respondent.  The commissioners of taxes had jurisdiction over the corporation, and the tax was properly imposed. (2 R. S. 1094, § 6; id. 1149, §§ 2, 3; *Henderson* v. *Jackson*, 2 Sweeny, 603; *R. R. Co.* v. *Ramsey*, 45 N. Y. 646; *Curren* v. *Mayor, etc.*, 79 id. 514, 515; *O'Leary* v. *Bd. of Education*, 93 id. 1, 5.)  The question now presented has already been adjudicated in respondent's favor. (*McLean* v. *C. M. Co.*, 60 Hun, 578; 133 N. Y. 603.)  The facts in the petition were otherwise admitted, and the order should be affirmed, with costs. (*In re Kelly*, 10 Abb. Pr. 208.)

MAYNARD, J.  The appellant, a domestic corporation, has appealed from an order requiring it, as a delinquent taxpayer,

to pay a fine equal to the amount of tax levied by the proper authorities of New York city upon an assessment of personal property during the years 1889 and 1890.

The principal ground upon which it seeks relief is non-residence. It claims that the assessing and taxing officers had no jurisdiction to make the assessment and levy the tax, because it was a manufacturing corporation, incorporated under the act of 1848, and that in its certificate of incorporation, which was filed in Suffolk county, it is stated that "the name of the town and county in which the operations of the said company are to be carried on is the town of Babylon, county of Suffolk," and it is alleged that the greater part of its business was in fact done there; and that it could not be lawfully assessed for personal property elsewhere than in Suffolk county.

Upon the facts disclosed in the record before us, we do not think this objection was available to the appellant in this proceeding. It is admitted that during these years it had a place of business in the city of New York, where its financial transactions were conducted, and it was thus apparently assessable for its personal estate in that city. The assessing officers, acting upon the visible evidences of the fact, between the first Monday in September and the second Monday in January, when they are required by law to complete the books of assessment, assessed the appellant for personal property valued at $200,000, being the amount of its capital stock, and which, in the absence of proof to the contrary, might be presumed to be the value of its personal property.

They then gave notice as required by the statute, that they had completed the assessment records; and that they would be open for examination and correction until the first day of May.

Before that date, the appellant made application to the commissioners for a reduction of its assessment, and filed a written statement, under oath, showing its condition for the purposes of assessment on the second Monday of January, which also contains the following declaration: "The principal office, or the place of transacting the financial business of the said cor-

poration, is situated  *  *  *  at No. 19 Park place, in the city of New York." It does not appear that the appellant then made any claim, or gave any intimation to the commissioners, that it was not within their jurisdiction because of non-residence. In response to this application, and acting upon the evidence thus presented by the appellant, the commissioners reduced its assessment from $200,000 to $47,000, upon which the tax was subsequently levied in due conformity to law, for the non-payment of which the fine now complained of was imposed.

We do not deem it necessary to consider where the legal residence of the appellant, for the purpose of taxation, might have been in 1890. Whatever objection it might have successfully urged against the action of the taxing officers on that score, has been waived by its appearance before them, and by its application for a reduction of its assessment, and by its statement, then made and filed, that its principal office and place for the transaction of its financial affairs, was in the city of New York ; and by the favorable determination of the commissioners secured upon the application so made, and the proofs so furnished. It voluntarily submitted itself to their jurisdiction, and elected to have a taxable residence for that year in the city of New York. While such election would not deprive the authorities of another municipality, where the appellant might actually reside, of the right to assess it there for its personal estate, it was sufficient to clothe the respondents with jurisdiction, and to sustain their action induced by the conduct of the appellant. It does not appear that the appellant was taxed elsewhere for personal property in the year 1890 ; and it may have obtained exemption from taxation in other localities, on the ground that it was taxable in New York, and was in fact taxed there. There is not, at least upon the record, any question of double taxation involved.

It is a familiar principle that a party may waive an objection founded upon want of jurisdiction of the person, and he does waive it by a general appearance and proceeding to a trial upon the merits. ( *Wheelock* v. *Lee*, 15 Abb. Pr. [N. S.]

24.) The proceedings for the assessment of property are of a judicial character, and the assessors in making an assessment act judicially, and the law provides for the appearance before them of parties deeming themselves aggrieved by their proposed action, and the submission of proofs to support the complaint made, and a final determination by the assessors thereon, and the rule referred to is applicable to such a proceeding, and precludes a party, who appears before them and asks to have his assessment reduced and obtains a reduction and makes no other objection, from subsequently claiming that they had no jurisdiction to tax him at all. In such cases the waiver may be implied, when a state of facts is shown to exist, which requires it, and the implication may arise from an omission to object when there is an opportunity, as well as by express consent. (*N. Y., W. S. & B. R. Co.* v. *Hart*, 35 Hun, 575.) There is always the legal presumption that a public officer will properly discharge his official duties, and if the appellant in making its application to the commissioners for a correction of its assessment, had disclosed the fact of its nonresidence, it is to be presumed that its assessment would have been stricken from the roll, and this litigation would have been avoided. It has been held that where a party has an election to pursue one of several courses, and adopts one of them at a stage of the proceedings at which the election is to be made, he is deemed to have waived all others, and that this rule will be strictly enforced, when necessary, to prevent a multiplication of controversies. (*Northampton Nat. Bank* v. *Kidder*, 50 Super. Ct. 246.)

The precise point here presented was, we think, decided by this court in *Hilton* v. *Fonda and Others, Assessors of Saratoga Springs* (86 N. Y. 339), upon facts not materially different from those now under consideration. There the plaintiff was a non-resident, but was assessed as a resident, for real property, a form of assessment which the assessors had no jurisdiction to make. The plaintiff's agent appeared before the board, and asked to have the assessment reduced in valuation, and obtained a reduction, but not so much as he claimed to be entitled to, and

made no objection to the assessment on the ground of the non-residence of the plaintiff. It was held that a party may waive the observance by officials of a statute for his individual benefit, and that having knowledge of the course prescribed by law to an official, he cannot look on and see the officer innocently depart from the prescribed course, and by silence, acts, words or seeming acquiescence, encourage him in his departure, and subsequently be heard to claim that his action was unauthorized. Chief Judge FOLGER, in commenting upon the course of the plaintiff's agent, said (p. 350) that it was apparent that "he was liable to be understood as tacitly assenting to all of which he did not openly complain; that he was so understood; that he was bound to know that he was likely to be so understood; that he did not mean to be understood otherwise; and did perceive that he was not understood otherwise."

In the present case we must conclude that the appellant's conduct was such as to induce in the minds of the assessing officers, the belief that it was a proper subject of personal taxation in New York, and that it assented to such taxation there, disputing only the amount for which it was taxable; and that it cannot now justly complain if it is compelled to pay the tax thus imposed.

The order should be affirmed, with costs.

All concur.

Order affirmed.