PEOPLE ex rel. MOHAWK & M. RY. CO. v. GARMON et al., Assessors.

(Supreme Court, Special Term, Oneida County. March, 1901.)

1. TAXATION—EXCESSIVE ASSESSMENT—CERTIORARI.

Where a railroad corporation on "grievance" day appears before the assessors of the town, and objects to its assessed valuation as excessive and unequal, and procures the same to be reduced to a certain extent, and makes no other objection, it is precluded to object on certiorari to irregularities in the assessment roll, though they might have been sufficient in the first instance to have rendered the assessment invalid.

2. SAME—APPEARANCE TO OBJECT.

Where a railroad corporation appears before town assessors on "grievance" day, and objects to the assessed value of the railroad, it cannot in the same proceeding assail title of the assessors to office.

3. SAME.

Attorney of railroad company appeared on "grievance" day to review the assessment of the property of the corporation, and laid down in his affidavit an erroneous rule of law, by which he claimed the assessors should be governed in valuing the real estate of the railroad company. *Held* that, where thereafter the railroad company brings certiorari to review the assessment, it is not to be bound by the argument contained in such rule, so that it cannot have any correction on any other theory.

Certiorari by the people, on the relation of the Mohawk & Malone Railway Company, against Samuel Garmon and others, assessors of the town of Webb, Herkimer county, for the purpose of reviewing an assessment of the property of the relator by the assessors for the year 1900 for the sum of $199,750. The petition claimed that two of the assessors were not legally appointed, that the assessment roll and the verification and filing thereof were defective, and that the valuation placed on relator's property was excessive and unequal. Hearing granted.

C. E. Snyder, for relator.
C. D. Adams, for respondents.

HISCOCK, J. Some of the objections made by the relator to the assessment of its property in question, and which may be designated as technical as distinguished from the question of valuation, may be easily disposed of.

It is too clear to require argument or citation that the question whether some of the defendants were duly elected or appointed assessors cannot be raised in this proceeding. There is no doubt that they were at least de facto assessors, and that the relator appeared before them as such in relation to this assessment, and their title to office cannot be tried herein.

Relator seems to claim in its petition that the assessment roll made up and exhibited by defendants upon grievance day, and by them completed and finished August 21, 1900, was never filed with the town clerk of the town of Webb, but that the defendants on the 27th of September, 1900, filed with the said town clerk what purported to be an assessment roll of said town, and which is not the one that was completed on or before August 1st, and not the one that was submitted by defendants to relator and other taxpayers on the third Tuesday of August, 1900. These allegations in the petition are upon information and belief, and relator's counsel, upon the argument, has not made clear just what he means by them or how far he relies upon them. Suffice to say that the defendants challenge their correctness, and by affirmative statements in their return allege that the roll made up by them on or before August 1, 1900, and submitted for public inspection, and completed on or about August 21st, was duly verified and filed with the town clerk of the town of Webb, and otherwise, as directed by section 22 of the tax law. If relator intends to rely upon its allegations upon this point, there is an issue of fact which requires the taking of evidence, and which will be sent to a reference.

The claim that the assessment roll was not properly verified, assuming such claim to be well founded, has, I think, been disposed of by the subsequent conduct of the assessors. On or about October 22, 1900, they made and attached to said assessment roll, while still on file in the town clerk's office, a second oath, which is not criticised. This was sufficient to obviate any difficulties arising from defects in the first one. People v. Jones, 106 N. Y. 330, 12 N. E. 711.

Relator criticises in many respects the form of the assessment roll finally made up by defendants. It claims that said assessment roll does not comply with section 21 of the tax law, in that it does not contain the name of the relator in the first column of the assessment roll, but that initials are used in part by the defendants to indicate said petitioner's name; that there is no description given of the land attempted to be assessed, and no statement of the quantity of real property taxable to relator; that generally there is no such arrangement of columns as is required. While some of the details in the form of the assessment roll criticised by relator, such as the use of the initials "R. R. Co." for "Railroad Company" in the name

of the relator, and the arrangement of the columns, are immaterial, and can easily be disregarded, there is no question but what there is much room for the general complaint made by relator in regard to the form of the assessment roll. While, as claimed by defendants' attorney, public policy requires that every one should be assessed and pay his just share of taxes, and not escape therefrom upon mere quibbles, the taxpayer, upon the other hand, is entitled to have the municipality, which seeks to impose a burden upon his property through its officers, comply with the requirements of the statute in an intelligent and business-like manner. Defendants have not done this in this case. The assessment roll which they have made up does not come anywhere near complying with the form pointed out by the statute. As stated above, some of the variations found in it are doubtless immaterial, and can be disregarded, and the intention of the assessors spelled out without much difficulty. The purported description of relator's land simply as "$34\frac{1}{2}$ miles" presents the most serious question in respect to the validity of the assessment, and it may be doubted whether the court could, if forced to that issue, sustain the assessment by interpreting those words as a compliance with that provision of the statute which required the assessors "to set down in the second column the quantity of real property taxable to each person, with a statement thereof in such form as the commissioners of taxes shall prescribe." I have, however, reached the conclusion in this case that relator by its conduct upon "grievance day" has submitted itself to the jurisdiction of the defendants, and cannot now raise the questions which it seeks to in regard to the validity of the assessment roll upon this and the other defects therein already mentioned.

Relator upon the day in question appeared before the assessors by its attorney and agents, and objected to the valuation placed upon its real estate as excessive and improper, and also suggested that some of the assessors had not been legally elected or appointed as such. It raised none of the other objections to the validity of the assessment, and especially with reference to its form, here urged. After it had thus appeared before the assessors, and objected to the amount of its assessment, the former did in fact reduce the assessment upon its property in said town by the amount of about $10,000. People v. Tax Com'rs, 99 N. Y. 254–257, 1 N. E. 773, is some authority for the proposition that the relator should upon grievance day have made objection to any irregularities in its assessment upon which it desired to rely in certiorari proceedings. But, independent of that contention urged by defendants, I think that relator, by its general appearance before the assessors, and by seeking to have the amount of its assessment reduced, which to a small extent was done by the assessors, waived any objection to the assessment roll in the respects discussed. The failure of the assessors to properly state the quantity of relator's real estate was, at most, an irregularity. Albany & W. S. R. R. Co. v. Town of Canaan, 16 Barb. 245, 250.

The relator evidently understood what the meaning and intent of the assessment roll was. When it appeared before the assessors, and tried out with them the question of the propriety of the valuation

which they had placed upon its real estate, it waived any objections to the manner of setting forth its name or the quantity of its land. In re McLean, 138 N. Y. 158, 33 N. E. 821, 20 L. R. A. 389; Hilton v. Fonda, 86 N. Y. 340.

It is true that the relator in the affidavit submitted by its attorney did suggest that, if the assessors did not reduce the valuation of its real estate as requested, it might raise the question of the validity of their title to office. It may be questionable how far relator could try out the question of valuation upon the merits, and at the same time reserve the technical objections to the validity of the assessment, but, even if it did reserve its right to raise the one suggested, it did not raise, or attempt to reserve, in any manner, objections going to the form of the assessment roll heretofore commented upon.

Disposing of these questions, I am brought to the demand by relator that the valuation of its real estate should be reduced. As above stated, defendants insist that there is no issue presented in regard to the correctness of the valuation already placed by defendants upon the real estate, and that therefore there is no occasion for a reference or further proceedings. This contention of defendants is based upon the fact that at the time when relator's attorney appeared before the assessors, and objected to the amount of the assessment, he set forth in his affidavit what he claimed was the rule of law by which the assessors should be governed in valuing relator's real estate. Defendants say that relator is now to be held to the argument contained in such rule, and that, that rule being incorrect, it cannot have any correction upon any other theory. This strikes me as being rather too narrow a view. Relator did in general terms object to the valuation of its real estate, and while, in support of that objection, it may have advanced some incorrect argument, I still think it should have the right to try out upon the merits the issue which it thus raised, and a referee will be appointed to take evidence upon the subject, and report the same, with his opinion, as provided by law.

Ordered accordingly.