(77 App. Div. 428.)

PEOPLE ex rel. GREENWOOD v. FEITNER et al.

(Supreme Court, Appellate Division, First Department.   December 19, 1902.)

1. TAXATION—ASSESSMENT—APPLICATION FOR REDUCTION—EFFECT.
    Under New York City Charter, § 895, requiring the application for a
    reduction of an assessment on property to state the grounds of objection,
    the petitioner is limited to a consideration of the grounds alleged in the
    application, and no other grounds can be considered on certiorari to re-
    view a denial of the application.

2. SAME—AMENDMENTS.
    Where an application for the reduction of a tax assessment based on
    overvaluation was insufficient, the case made thereby could not be en-
    larged by amendments.

3. SAME—OVERVALUATION.
    Where an application for the reduction of a tax assessment on the
    ground of overvaluation alleged reduction in rental value, and contained
    a schedule of assessed valuations on other property, with an averment
    that a comparison of relator's premises with the others contained in the
    table showed that the value assessed on relator's property was much
    greater than that assessed on any other property similarly situated,
    but contained no showing of the market value of the particular property
    scheduled, or of relator's property, it was insufficient.

4. SAME—STATEMENT OF VALUE.
    An allegation in an application for a reduction of a tax assessment
    for overvaluation that $75,000 is the fair and reasonable valuation of
    the premises is an insufficient allegation of the market value of the
    property.

5. SAME.
    Where overvaluation of realty was sought to be shown in an applica-
    tion for reduction of a tax assessment by a reduction in rental value,
    an allegation that the value of the unrented space exceeded $1,000, but
    failing to allege how much it exceeded such sum, could not be con-
    sidered, since the unrented space could not be deducted in arriving at its
    assessed valuation, and the rental value of the building, if entirely
    rented, might show that the assessment was proper.

    Laughlin, J., dissenting.

Appeal from special term, New York county.

Certiorari by the people, on the relation of Isaac J. Greenwood,
as executor of the estate of Isaac J. Greenwood, deceased, against
Thomas L. Feitner and others, commissioners of taxes and assess-
ments of the city of New York, to review an assessment for taxation.
From an order denying defendants' motion to quash the writ and
granting relator's motion for a reference, defendants appeal. Re-
versed.

Argued before VAN BRUNT, P. J., and HATCH, PATTER-
SON, INGRAHAM, and LAUGHLIN, JJ.

David Rumsey, for appellants.
Joseph M. Proskauer, for respondent.

HATCH, J.   The relator's testator was the owner of certain real
estate, known as Nos. 102 and 104 Fulton street, in the city of New
York.   In the year 1901 the commissioners of taxes and assessments
assessed the premises on the assessment roll at $125,000.   The rela-
tor made an application to the defendants for a reduction of the same.
In this application he showed that in the year 1898 the premises

rented for $23,365, and in 1899 and 1900 the rents had fallen to $19,266, and that the value of the unrented space exceeded $1,000; that the total disbursements for taxes, fixed charges, and necessary operating expenses during the said three years averaged $17,803.33, leaving an annual net income of $1,699.67, which income was greater in the year 1898, and less in the year 1900; that assuming the real value of the property to be $125,000, as assessed in 1901, the average net income would be 1.3 per cent. of such valuation; that in 1899 the assessed valuation of the premises was $90,000; that in 1900 it was $108,000, and in 1901, $125,000; that in 1898 the taxes amounted to $1,876.55, in 1899 to $2,210.80, and in 1900 to $2,427.50. The application further states that this is unjust and unreasonable, that the value of property in Fulton street had declined for several years, and requests that the assessment be reduced to the sum of $75,000, which is a fair and reasonable value of the premises. Upon this application the defendants caused the property to be re-examined by the deputy who made the first examination, and he reported that the assessed valuation of the property is "equal and in proportion to similar property in the said First tax district." And thereupon the defendants denied the application and confirmed the assessment. The relator then sued out a writ of certiorari to review this ruling of the commissioners. The petition for the writ set out the application in full, and submitted in addition thereto a table setting forth the assessed value of several pieces of property in the vicinity of the property in question, and claimed that a comparison of the properties therein mentioned with the property of the relator would show that the assessment was disproportionate and unequal. In the list submitted in the petition, the market value of the properties is not disclosed, nor is the market value of the relator's property stated. The relator subsequently moved for a reference and for leave to amend the petition, and the defendants moved at the same time to quash the writ. The motion for a reference was granted, and the referee was directed to allow numerous amendments to the petition, including an amendment setting forth the claim of overvaluation. From the whole of the order thus made, the defendants appeal.

Pursuant to the provisions of section 895 of the charter, the application for a reduction of the assessed valuation is required to be in writing, and must state the grounds of objection thereto. The application is the matter which sets the assessors in motion in review of the assessment, and the case made by it must show that the relator is entitled to relief. He must stand or fall upon the grounds of error averred therein, and is limited in review of the same by writ of certiorari to the case which he then makes. In re McLean, 138 N. Y. 158, 33 N. E. 821, 20 L. R. A. 389. If other objections in fact existed at the time when the application was made, but not stated therein, they are not available upon a review. In the case last cited, it was held that the relator would be precluded from urging that the assessors had no jurisdiction to levy the tax, unless such point was taken in the application. It is evident, therefore, that the court was without authority to consider matters averred in the petition, or other papers of the relator, which were not embodied in the applica-

tion presented to the commissioners. So limited, it is clear that there was no basis from which an overvaluation of the property appeared, as there is nothing contained in the application showing the market value of the property assessed, or that it was higher than other property similarly situated. This ground must be made distinctly to appear, before the commissioners are authorized to act upon the application, and the claim must be distinctly made. People v. Barker, 14 App. Div. 412, 43 N. Y. Supp. 1015. The relator, therefore, failed to make out a case showing any ground for relief based upon overvaluation, in the application which he made; and amendments to his petition cannot enlarge the case contained in the application.

If we consider the petition as amended, the same result follows. The only addition in this respect which is made thereto is a schedule of assessed valuations upon a number of pieces of property. The only averment in connection therewith is that a comparison of the premises owned by the relator with the others contained in the table shows that the value assessed thereon is much greater than that assessed upon any other property similarly situated, and, in market value, is entirely disproportionate and unequal. There is nothing showing the market value of the particular pieces of property so scheduled, or the market value of the relator's property. Consequently there is no basis, even under the petition, for any relief, and therefore there is nothing to show that the relator will pay more than his due share of the aggregate tax. People v. Carter, 109 N. Y. 576, 17 N. E. 222.

The relator must therefore rest upon his right to review by showing that his property has been overvalued. The proof bearing upon this statement relates to the depreciation in rental value of the property, the whole of which we have heretofore set out. In People ex rel. Sutphen v. Feitner, 45 App. Div. 542, 61 N. Y. Supp. 432, it was held that it was incumbent upon the relator to show, in order to establish overvaluation, that his property was assessed at a greater sum than that for which under ordinary circumstances it would sell. In that case it was stated "that the market value of the property had not increased in value since 1895, and that the ability to sell the property had in fact decreased, and then were stated the sums at which the property was assessed in 1895 and 1896." There was nothing to show that in these years it was assessed at its true market value. This averment was held insufficient to establish a case of overvaluation. In the present case there is an entire absence of averment that the assessment is greater than the fair market value of the property, or for a sum greater than that for which the property would sell under ordinary circumstances. The statement is that $75,000 "is a fair and reasonable valuation of these premises, as aforesaid." Clearly, this is insufficient. The rule announced in the Sutphen Case, supra, which is controlling of this appeal, was adopted in People ex rel. Zollikoffer v. Feitner, 63 App. 615, 72 N. Y. Supp. 1124, affirmed on appeal in 168 N. Y. 674, 61 N. E. 1133. In addition to this, it appears in the statement that the "unrented space in the premises exceeded $1,000." How much it exceeded this sum is not made to appear. The relator would not be entitled to escape taxation upon the fair

value of his property, even though it were vacant and produced no income. The unrented space cannot be deducted in arriving at its assessed valuation, and, from all that appears, it may be that, if the whole were rented, the income therefrom, based upon rental values, would show that the assessed valuation was proper.

It is clear, therefore, that the relator failed to make a case in his application which entitled him to a reduction of the assessment, and the motion to quash the writ should have been granted. The order should therefore be reversed, and the writ of certiorari quashed, with $50 costs and disbursements. All concur, except LAUGHLIN, J., who dissents.