(98 App. Div. 554)

### BROWN et al. v. OTIS, Treasurer.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1904.)

1. SPECIAL ASSESSMENT—FORM.
      Under the statute providing that commissioners of sewerage shall apportion the cost of the improvement upon the parcels of land, and the owner or occupant, if ascertained, an assessment of land owned by devisees under a will to the estate of the testator is improper.

2. SAME—OBJECTIONS—WAIVER.
      Where land owned by devisees had long been assessed, without objection, to the estate of the testator, and, after the imposition of a sewer as-

sessment in the same form, the owners made elaborate objections, not raising the question of the form of the assessment, they waived the objection to form, even granting that it went to the jurisdiction.

**3. SAME—SUFFICIENCY.**

An objection that a sewerage assessment and all proceedings relating thereto are illegal and void does not raise the objection that the assessment is irregular because made to the estate of the person as devisees of whom the actual owners held title.

McLennan, P. J., and Hiscock, J., dissenting.

Appeal from Trial Term, Monroe County.

Action by Selden S. Brown and others against Lyman M. Otis, as treasurer of the city of Rochester. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

John A. Barhite, for appellant.
John Van Voorhis, for respondents.

SPRING, J. The plaintiffs, by virtue of the will of Dyer D. S. Brown, deceased, own a tract of land of about 62 acres situate in the town of Gates, which is contiguous to the city of Rochester. Pursuant to chapter 603, p. 1152, Laws 1892, and the various acts amendatory thereof and supplemental thereto, the commissioners named proceeded with the preliminary work prescribed by the acts pertaining to the construction of a sewer in certain wards of the city of Rochester, extending into the town of Gates. They also apportioned the cost thereof upon the lands chargeable therewith, and upon the assessment roll assessed said 62-acre tract in one body to "D. D. S. Brown Est." Said Brown died many years ago, devising this property to the plaintiffs in this action and one daughter, who conveyed her share to the plaintiff Selden S. Brown, thus vesting the entire ownership in the plaintiffs. Said plaintiffs have not been in the physical possession of said land since they became the owners thereof, but the same has been occupied by a tenant. It is a fair inference from the testimony, although the fact is not entirely clear, that since the death of Brown, the original owner, the premises have been assessed to "D. D. S. Brown Est." At least, the evidence shows and the court has found that in 1893 one of the commissioners inquired of said Selden S. Brown as to the ownership of said land, informing him it was assessed to the estate, and said Brown did not advise him who the owners were, but told him to leave it assessed to the estate. The tract is north of the Buffalo Road, but it is not in one body, as a narrow strip has been sold, extending across the lot, separating the tract into two pieces. The sewer having been constructed, the powers of said commissioners of sewerage, by chapter 315, p. 935, Laws 1898, were transferred to the treasurer of the city of Rochester, with authority to defend any action to which a defense might otherwise have been interposed by said commissioners. The plan of assessment, the hearing of grievances, and the review and correction of the assessments all conform to the general tax law (section 7, c. 438, p. 784, Laws 1895).

On grievance day the plaintiffs appeared before the commissioners and filed objections—11 in number—to the assessment made of their property. They related to the inequality of said assessment, to the claim that the sewer is of no material benefit to their property, and other kindred matters, but there was no complaint or suggestion in the carefully prepared protest that the assessment to the estate of D. D. S. Brown was erroneous. The owner of an undivided one-half of this tract of land is a lawyer of long experience in the city of Rochester, while the owner of an undivided one-quarter is a civil engineer of high rank, also located in that city. These gentlemen evidently did not regard the form of the assessment as prejudicial or worthy of criticism, for they would hardly be expected to conceal any defect from the commissioners, which, if made, could be remedied. This action was commenced to set aside the assessment as a cloud upon their title, and the assessment is attacked because not made in form to the owners or occupants, as required by statute. There were other reasons urged for the annulment of the assessment, but by the stipulation of the parties this ground was to be considered preliminarily, and, if good, the assessment was to be vacated; but, if untenable, the plaintiffs were to have the privilege of renewing the attack upon it along other lines.

The commissioners possessed jurisdiction of the property for assessment purposes. It was within the radius of their taxing district. It was their duty, in the apportionment, to place it on the roll. They were charged with the duty of apportioning the cost and expense of the proposed improvement upon the parcels of land, "and the owner or occupant thereof if ascertained," according as they deemed them benefited thereby. The assessment, therefore, to "D. D. S. Brown Est.," was not a compliance with the statute. It does not follow necessarily, however, that this improper assessment inevitably rendered it invalid, beyond correction.

One of the important features in every taxing law is grievance day. The purpose of this function is to enable the taxpayer who is aggrieved to present his grievances to the assessors, and to afford the assessors an opportunity to correct any improper, unequal, or invalid assessment. The plaintiffs availed themselves of this right, and presented whatever objections they deemed proper, and they were considered by the commissioners, and not accepted as tenable. Now they seek to add to those presented. We think they are concluded, and especially as the particular ground now raised, although good, could have been corrected by the commissioners, and the assessment made to the owners.

In Hilton v. Fonda, 86 N. Y. 339, the plaintiff, a nonresident of the town of Fonda, owned lands within the town, and which were subject to assessment as nonresident lands, but not to the plaintiff personally. The assessors knew that the owner resided in New York City, but erroneously made the assessment to him personally, which was an illegal assessment, for they had no jurisdiction of his person, but did of his property. On grievance day the agent of the plaintiff appeared before the assessors, complaining that the assessment was too high, and unequal, as compared with other lands on

the roll. The objections were considered, and a reduction in the valuation was made. The agent made no complaint of the invalidity of the assessment. Subsequently this point was raised by action, and the court held that the plaintiff had assented to the invalid assessment, and his conduct amounted to a waiver of the requirements of the statute. The principle of this case has been often recognized. Matter of McLean, 138 N. Y. 158, 33 N. E. 821, 20 L. R. A. 389; Collins v. Long Island City et al., 132 N. Y. 321, 594, 30 N. E. 835; Matter of Adler Bros. & Co., 76 App. Div. 571, 78 N. Y. Supp. 690, affirmed 174 N. Y. 287, 66 N. E. 929; Cowenhoven v. Ball, 118 N. Y. 231–235, 23 N. E. 470.

It is contended that the defect is jurisdictional. Concede the proposition, and the plaintiff could still waive the requirement. As was said in Matter of McLean, 138 N. Y. 158, at page 162, 33 N. E. 822, 20 L. R. A. 389:

"It is a familiar principle that a party may waive an objection founded upon want of jurisdiction of the person, and he does waive it by a general appearance and proceeding to a trial upon the merits."

It is there held that the assessors act judicially, and that where a person asks only for a reduction in his assessment, and obtains it, he cannot afterward successfully claim that there was no jurisdiction to tax. A jurisdictional question is no more sacred from waiver than any other. A man under indictment may even waive a constitutional provision designed for his benefit. Pierson v. People, 79 N. Y. 424–429, 35 Am. Rep. 524. The rule of waiver is a most salutary one, when applied to the consideration of an assessment. The property within every taxing' district should be assessed, and contribute its fair proportion to taxation. When one feels aggrieved by an assessment of his property, he should appear and notify the assessors of his complaint. They act in a judicial capacity, and with a view to charge each parcel of property with its aliquot share of the burden. If one fails to appear, the assessors have a right to assume an acquiescence in the assessment made. If he appears and presents objections, he should be precluded from stating others before another tribunal. He must act fairly with the assessors, and not conceal from them objections which he deems tenable to the assessment made. The principle finds its vindication in the case now under review. The plaintiffs were intelligent men. They for years had acquiesced in an assessment of this property to the estate of their father, the former owner. One of them, who apparently represented all the co-tenants, when asked who were the owners, requested that the assessment be continued to the estate. They deemed the assessment disproportionate and unfair, and appeared and filed a written protest enumerating their objections, and orally urged their acceptance by the commissioners. With all this formality, and during all this time, there was not a hint that the assessment should be changed and placed against them as owners. A suggestion of this defect would have secured the alteration. There was no misapprehension concerning the land assessed. It was the only land they owned in the town of Gates. It

had been in the family for many years. It was assessed the same as it had been since the death of the father. We think they are precluded by their conduct, and by their failure to raise the specific objection on grievance day, from urging it for the first time when they spread their cause of action in their complaint.

It is claimed that the eleventh ground contained in the written protest raised that objection. It reads, "That the present assessment and all proceedings relating thereto are illegal and void." This is a mere conclusion of law, and gave the commissioners no clue to the criticism now urged. The purpose of the objections on review day is to furnish the assessors with information for their guidance and enlightenment. If they have erred in making an assessment, they are entitled to know what the error is. The eleventh objection was wide of the mark, if the object was to apprise the commissioners that the owners desired the assessment made to them. The fact is, the owners cared nothing about that correction, and the invalidity of the assessment they did not at the time intend to urge.

The counsel for the respondent claims that the exception is too general to raise any question for review. The decision does not state separately the facts found and the conclusions of law, nor was that required by the section of the Code (1022) as it read at the time of the decision. The decision contains a statement of the reasons controlling the court, in the nature of an opinion interspersed with facts stated; but there is no numbering or separation, and the only conclusion of law is the dismissal of the complaint, which was subsequently modified by stipulation of the parties, so that the judgment entered did not conform to the decision. We think, in view of the form of the decision and of the judgment, the exception is sufficient.

We do not deem it necessary to pass upon the other questions discussed by the respective counsel. The judgment, so far as appealed from, should be reversed, and, in view of the stipulation of the parties, a new trial ordered, with costs to appellant to abide the event.

Judgment reversed and new trial granted, with costs to the appellant to abide the event. All concur, except McLENNAN, P. J., and HISCOCK, J., who dissent.