---

(64 Misc. Rep. 271.)

PEOPLE ex rel. BUFFALO, R. & P. RY. CO. v. CARMICHAEL et al.,
Assessors.

(Supreme Court, Special Term, Erie County. January, 1909.)

1. TAXATION (§ 483*)—ASSESSMENT—GRIEVANCE DAY OBJECTIONS.

The objection that land is too indefinitely described in an assessment is not sufficiently raised, under Tax Law (Laws 1896, p. 810, c. 908) § 36, providing that on grievance day a statement shall be filed with the assessors specifying the respect in which the assessment complained of is incorrect, by a statement which, after making specific objections not covering the matter, recites "that said assessment is illegal, in that it is not made in accordance with the provisions of the statute regulating such assessments," and prays merely that the assessment be reduced to a certain amount.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 483.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. TAXATION (§ 496*)—ASSESSMENT—REVIEW ON CERTIORARI.

An objection to the form of an assessment, not being sufficiently raised by the statement required by Tax Law (Laws 1896, p. 810, c. 908) § 36, to be filed on grievance day with the assessors, specifying the respect in which the assessment complained of is incorrect, may not be considered on certiorari to review the assessment; section 250 (page 882) requiring the petition for certiorari to show that application has been made in due time to the proper officers to correct the assessment.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 890, 892, 893; Dec. Dig. § 496.*]

3. TAXATION (§ 430*)—ASSESSMENT—RAILROAD PROPERTY.

An assessment by town assessors of property of a railroad company, itemizing it as main line, sidings, transfer house, engine house, and water tank, and depots at three places, figures being placed opposite each item and the same totaled, will be considered an assessment of the entire property of the company in the town at the amount of the total sum, and as such sufficient.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 736; Dec. Dig. § 430.*]

4. TAXATION (§ 496*)—ASSESSMENT—CERTIORARI—REFERENCE.

On certiorari to review an assessment on the objection of over and unequal valuation, a reference to take proof will be ordered, as authorized by Tax Law (Laws 1896, p. 883, c. 908) § 253, where it appears that testimony is necessary for proper disposition of the matter.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 496.*]

Certiorari, on the relation of the Buffalo, Rochester & Pittsburgh Railway Company, against Alexander D. Carmichael and others, as Assessors of the Town of Pavilion, Genesee County. Reference ordered.

John S. Rockwell, for relator.
Edward A. Washburn, for defendants.

WHEELER, J. This is a proceeding by way of certiorari to review an assessment of the relator's property, made by the assessors of the town of Pavilion, Genesee county. The relator contends that the assessment is illegal and void because of the form of the assessment. It appears from the return that the assessment attacked is in the following form:

| | |
|---|---:|
| Main line | $74,464 00 |
| Sidings | 11,020 00 |
| ½ depot at D., L. & W. Jct. | 1,000 00 |
| ½ transfer house | 100 00 |
| Engine house and water tank | 1,500 00 |
| Depot at Pavilion Center | 500 00 |
| Depot at Pavilion | 1,000 00 |
| | $89,584 00 |

And the relator contends that the realty assessed is so indefinitely described that the assessment does not meet the requirements of the statute, and is therefore illegal and void. The respondent's counsel, on the other hand, contends that, even though the form of the assessment may be subject to legitimate criticism, notwithstanding, it is not the subject of review in this proceeding, because the question of

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the form of the assessment was not properly objected to by the relator upon grievance day.

Section 36 of the tax law (Laws 1896, p. 810, c. 908), provides that upon grievance day "complainants shall file with the assessors a statement under oath specifying the respect in which the assessment complained of is incorrect." The relator in this case, by its tax agent and attorney, appeared before the board of town assessors and filed written objections to the assessment against the railroad company. These objections specify various grounds, such as overvaluation in fact and overvaluation in comparison with the assessment of other property. It further states:

"That said assessment is illegal, in that it is not made in accordance with the provisions of the statute regulating such assessments."

It is urged that this statement is insufficient to raise objection to the form of the assessment, in that it does not point out the particular defect in which it is claimed the assessment is incorrect. In the case of Brown v. Otis, 98 App. Div. 559, 90 N. Y. Supp. 250, an action was brought to set aside a sewer assessment, because such assessment had been made to the D. D. S. Brown Estate, instead of to the owners or occupants thereof. It appeared, on the grievance day appointed for the hearing of objections to the sewer assessments, one of the plaintiffs filed a number of written objections to the assessment, which, however, did not include the objection that the assessment was levied against the D. D. S. Brown Estate. It was held that the assessment to the D. D. S. Brown Estate, instead of to the owners or occupants of the estate, was defective, but that, even conceding that the said defect was jurisdictional, the plaintiffs had power to raise it, and that the general objection which the plaintiffs filed on grievance day, to wit, "That the present assessments and the proceedings relating thereto are illegal and void," was not sufficient to raise the question as to the form of the assessment. The court in its opinion said (page 557 of 98 App. Div., and page 252 of 90 N. Y. Supp.):

"One of the important features in every taxing law is grievance day. The purpose of this function is to enable the taxpayer who is aggrieved to present his grievance to the assessors and to afford the assessors an opportunity to correct any improper, unequal, or invalid assessment. The plaintiffs availed themselves of this right, and presented whatever objections they deemed proper, and they were considered by the commissioners and not accepted as tenable. Now they seek to add to those presented. We think they are concluded, and especially as the particular ground now raised, although good, could have been corrected by the commissioners and the assessment made to the owners."

In support of this view, the learned judge writing the opinion cited Hilton v. Fonda, 86 N. Y. 339, Matter of McLean, 138 N. Y. 158, 33 N. E. 821, 20 L. R. A. 389, Collins v. Long Island City, 132 N. Y. 321, 30 N. E. 835, Matter of Adler Brothers & Co., 76 App. Div. 571, 78 N. Y. Supp. 690, affirmed 174 N. Y. 287, 66 N. E. 929, and Cowenhoven v. Ball, 118 N. Y. 231, 235, 23 N. E. 470, as sustaining the proposition contended for, to which may also be added the cases of People v. Feitner, 77 App. Div. 431, 79 N. Y. Supp. 309, People v.

Kaufman, 121 App. Div. 599, 106 N. Y. Supp. 305, and People v. Feitner, 45 App. Div. 542, 61 N. Y. Supp. 432.

We are of the opinion that, under the authority of Brown v. Otis, the objection to the form of the assessment was insufficient, and we are further confirmed in this view because the formal objection filed closes with this prayer for relief, to wit:

"The said railway company therefore asks that said assessment be reduced to an amount not exceeding in the aggregate the sum of $68,885.11."

If the objection as to the form of the assessment was insufficient for not "specifying the respect in which the assessment complained of is incorrect," it cannot be availed of in this proceeding of certiorari to review the assessment. Under section 250 it is provided that an aggrieved party may present a petition—

"specifying the grounds of the alleged irregularity, or if erroneous by reason of overvaluation, stating the extent of such overvaluation, or if unequal in that the assessment has been made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers, * * * such petition must show that application has been made in due time to the proper officers to correct such assessment."

It is quite apparent that it was the intention of the Legislature to confine the questions to be reviewed on certiorari to those raised on grievance day before the assessors. In the case of People ex rel. Greenwood v. Feitner, 77 App. Div. 431, 79 N. Y. Supp. 310, the court held that:

"The application [i. e., the application before the assessing board] is the matter which sets the assessors in motion in review of the assessment, and the case made by it must show that the relator is entitled to relief. He must stand or fall upon the grounds of error averred therein, and is limited in review of the same by writ of certiorari to the case which he then makes. Matter of McLean, 138 N. Y. 158, 33 N. E. 821, 20 L. R. A. 389. If other objections in fact existed at the time when the application was made, but are not stated therein, they are not available on a review."

When the relator in this case stated, in its written complaint before the town board of assessors, that "said assessment is illegal, in that it is not made in accordance with the provisions of the statutes regulating such assessments," it was simply stating a conclusion of law, without specifying the particular defect as to the form of assessment now sought to be raised, and we think the objection is altogether too indefinite and general, even though the objection would have been good if properly raised.

While it becomes unnecessary, in view of what has already been said, to discuss the question of the sufficiency of the form of the assessment in this case, it will not be out of place to add a word on that subject. I think it sufficiently appears from the record that the assessment of $89,584 should be construed as an assessment of the entire property of the relator in the town of Pavilion, and not an assessment of each of the items or things which went to make up the total; that the items were given for the purpose of informing the relator of the method employed by the assessors in ascertaining what the total assessment should be; and that the real and true assessment against the relator's property was and is the said sum of $89,584. In Albany

& West Stockbridge Railroad Co. v. Town of Canaan, 16 Barb. 250, an assessment of a railroad in miles, without the addition of the acres, was held good. In People ex rel. D., L. & W. R. R. Co. v. Clapp, 152 N. Y. 490, 46 N. E. 842, 39 L. R. A. 237, the assessment was for "seven $^{29}/_{100}$ miles double-track railroad, including depots, water tanks, and side tracks at $41,152.25 per mile, 112 acres, $300.000. In People ex rel. Mohawk & M. R. R. Co. v. Garmon, 63 App. Div. 530, 71 N. Y. Supp. 826, the assessment was stated at 34½ miles, and it was held sufficient. The return states that the location and quantity of the property assessed "was and still is a matter of public and common knowledge." In the case of People ex rel. Hutchinson v. O'Brien, 53 Hun, 580, 6 N. Y. Supp. 862, the assessment was against "Trustees First Congregational Church," and the property assessed was described as the "parsonage," and the valuation entered as "$1,-600." The court said:

"The description did not mislead the relators. Tallman v. White, 2 N. Y. 66. There was no doubt about the identity. Presumably it was so much of the lot as was covered by the parsonage. It was understood to be a real estate assessment, so alleged in substance in the petition. The absence of a statement of the quantity, if important under the charter of the village (chapter 639, p. 1368, Laws 1868, as amended by Laws 1888, p. 257, c. 257, tit. 4, § 6) is not a source of injury to the relators."

If the assessors had added to the description of the relator's property the distance of the road in miles or the acreage contained in the right of way, it would have added little or nothing for the purposes of identification. We are inclined to the opinion that on the whole the property assessed is sufficiently described. If not, we nevertheless believe, as we have previously stated, that the relator is in no position to avail himself of that irregularity in this proceeding.

As to the "second," "third," and "fourth" grounds of illegality of the assessment in question, set forth in the formal objections filed on grievance day, and referred to in the petition and return, specifying over and unequal valuation of the relator's property, I am of the opinion a reference should be had to take proof and report as provided by section 253 of the tax law.

The referee may be agreed on by the parties, and, in case of an inability to agree, will be named by the court. So ordered.