(72 Misc. Rep. 646.)

### PEOPLE ex rel. SWEET et al. v. BLAKE et al.

(Supreme Court, Special Term, Oswego County. July, 1911.)

1. TAXATION (§ 496*)—ASSESSMENT—REVIEW—CERTIORARI.
    The statutory writ of certiorari, authorized by Tax Law (Consol. Laws 1909, c. 60) §§ 290–307, to review an assessment of real property, allows a redetermination of questions of fact on evidence taken at least in part by the court or under its direction, and the writ is not conclusive as in the common-law and Code writs of certiorari.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 496.*]

2. TAXATION (§ 496*)—ASSESSMENT—REVIEW—CERTIORARI.
    Under Tax Law (Consol. Laws 1909, c. 60) § 290, authorizing certiorari to review an assessment for taxes, the petition must state facts which, if admitted by the return, would show a right to relief, and, in the absence of such statement, the proceeding will be dismissed on motion.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 496.*]

3. TAXATION (§ 496*)—ASSESSMENT—REVIEW—CERTIORARI.
    If the facts alleged in a petition for certiorari to review an assessment of realty are not disputed, an order granting the proper relief should be made; but, if they are disputed, testimony will be taken by the court or a referee to determine the proper disposition of the matter.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 496.*]

4. TAXATION (§ 435*)—ASSESSMENT—FILING ASSESSMENT ROLL.
    Delay in the filing by the assessors of the completed and verified assessment roll does not vitiate the assessment; the statutory provision relating to the time therefor being merely directory.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 758; Dec. Dig. § 435.*]

5. TAXATION (§ 435*)—ASSESSMENT—FILING ASSESSMENT ROLL—PUBLICATION OF NOTICE.
    The tax law (Consol. Laws 1909, c. 60) provision requiring publication of notice of the completion and filing of the assessment roll is merely

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

directory, being intended to set running the period within which to sue out a writ of certiorari.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 435.*]

6. TAXATION (§ 319*)—ASSESSMENT—MEETINGS OF ASSESSORS.
   Village Law (Consol. Laws 1909, c. 64) § 105, relating to adjournment of assessors from day to day, is merely directory, and the assessment is not invalidated where they met on May 2d, and then adjourned to May 6th.

   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 319.*]

7. TAXATION (§ 496*)—ASSESSMENT—REVIEW—CERTIORARI.
   An allegation in a petition for certiorari to review a tax assessment that the assessment roll does not contain a description of relator's property, nor give the quantity of land to be assessed, or the number of the lot or any description thereof sufficient to comply with the law and duties of the assessors, is an allegation of matter of law.

   [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 496.*]

8. TAXATION (§ 421*)—ASSESSMENT—DESCRIPTION OF PROPERTY.
   A description of property on a tax assessment roll as, "Paper Mill. Now in operation. Store-house and office between canal and river"—is a sufficient compliance with the law.

   [Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 720–735; Dec. Dig. § 421.*]

9. TAXATION (§ 496*)—ASSESSMENT—REVIEW—CERTIORARI.
   Allegations in a petition for certiorari to review a tax assessment that the property of the relators was assessed for 1911 at a certain sum, notwithstanding the protest of relators that such assessment was excessive, illegal, and unauthorized, and that in former years the property had been assessed at a certain less sum, were not sufficient; there being no allegation that the property was assessed at more than its fair value.

   [Ed. Note.—For other cases, see Taxation, Dec. Dig. 496.*]

10. TAXATION (§ 496*)—ASSESSMENT—REVIEW—CERTIORARI.
    Allegations in a petition for certiorari to review an assessment that the assessment was excessive because the property was assessed for twice what it should have been stated matter of law, and not of fact, and did not amount to an allegation that the property was assessed at more than its fair value.

    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 496.*]

11. TAXATION (§ 496*)—ASSESSMENT—REVIEW—CERTIORARI.
    Under Tax Law (Consol. Laws 1909, c. 60) § 293, providing that if, on the hearing on certiorari to review an assessment, it shall appear that testimony is necessary for the proper disposition of the matter, it may take evidence or appoint a referee, where the petition alleges that an application was made in due time to the proper officers to correct the assessment and such allegation is denied, the court may send the matter to a referee to take the evidence and report thereon.

    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 496.*]

Certiorari by the People, on the relation of Kirk N. Sweet and another, composing the firm of the Sweet Bros. Paper Manufacturing Company, to William S. Blake and others, to review an assessment against real property. Reference ordered.

Reilly & Sullivan, for relators.
Merry & Merry (Louis L. Waters, of counsel), for respondents.

ANDREWS, J. A writ of certiorari founded upon a petition was granted in the above matter to review an assessment made by the re-

spondents upon the assessment roll of the village of Phœnix for 1911 against real property in said village owned by the relators. This assessment is attacked upon various grounds.

The respondents now move to quash and dismiss the writ, first, because of certain preliminary objections taken by them; and, second, because it appears upon the return to the writ filed by the relators that the assessment complained of is not illegal or erroneous or unequal because of any of the reasons alleged in the petition. The preliminary objections have been overruled. This proceeding is taken under article 13 of the tax law (Consol. Laws 1909, c. 60), which, following chapter 269 of the Laws of 1880, creates a new remedy under the name of certiorari. Section 290 of this article permits any person assessed and claiming to be aggrieved thereby to present to the Supreme Court a petition, duly verified, setting forth that the assessment is illegal, specifying the grounds of the alleged illegality, or, if erroneous by reason of overvaluation, stating the extent of such overvaluation, or, if unequal in that the assessment has been made at a higher proportionate valuation than the assessment of other property on the same roll by the same officers, specifying the instances where such inequality exists and the extent thereof and stating that he is or will be injured thereby. Such a petition must also show that application has been made in due time to the proper officers to correct the assessment. Section 291 of the same article provides that the justice or court to whom such petition is presented may thereupon allow a writ of certiorari to the officers making the assessment to review the same. Section 292 regulates the manner of the return. Section 293 provides that, if it shall appear upon the return to any such writ that the assessment complained of is illegal or erroneous or unequal for any of the reasons alleged in the petition, the court may order such assessment, if illegal, to be stricken from the roll, or, if erroneous or unequal, it may order a reassessment of the property or the correction of the assessment. If upon the hearing it shall appear to the court that testimony is necessary for the proper disposition of the matter, it may take evidence or may appoint a referee to take such evidence as it may direct, and report the same to the court, with his findings of fact and conclusions of law.

[1] This special statutory writ differs from the old writ of certiorari—

"in one remarkable respect, in that it permits a redetermination of all questions of fact upon evidence, taken in part at least by the Special Term, or under its direction. * * * What is called a review may thus become a proceeding in the nature of a new trial. The return is not conclusive, as in the common-law and Code writs. * * * The petition is regarded as the complaint, the return as the answer, and, in deciding the issues joined thereby, the court may call witnesses to its aid and their testimony becomes a part of the proceedings upon which the determination of the court is to be made." People ex rel. Manhattan R. Co. v. Barker, 152 N. Y. 417, 46 N. E. 875.

[2] The presumption is that the assessors have acted regularly and properly. To set the court in motion, the petition must state such facts as, if admitted by the return, would show that the relator was entitled

to relief. If this is not done, a motion to dismiss the proceeding will be granted.

[3] If it does, and these facts are not disputed by the return, an order granting proper relief follows. If the facts are in dispute, and evidence is necessary for the proper disposition of the matter, such evidence will be taken by the court or a referee.

It is therefore essential to determine what questions, if any, are raised by the papers before me which bear upon the correctness of the assessment now under review.

[4] Among the objections to the validity of this assessment the petition states that the assessors "did not complete and verify and file with the village clerk" the assessment roll in question on or before the second Tuesday in the third month of the fiscal year of 1911, as required by section 106 of the village law (Consol. Laws 1909, c. 64).

The provision of the statute relating to the time of filing the completed and verified roll is directory merely, and delay in filing does not vitiate the assessment. There is no allegation in the petition that it was not completed and verified within the proper time. People ex rel. R., W. & O. R. R. Co. v. Haupt, 104 N. Y. 377, 10 N. E. 871.

[5] The petition also alleges that notice of the completion and filing of the roll was published too late. This, also, is immaterial. The sole object of that provision was to set running the 15 days in which to sue out a writ of certiorari. People ex rel. R., W. & O. R. R. Co. v. Haupt, supra.

[6] The petition further states that the assessors met on May 2, 1911, to review their assessment and then adjourned, not from day to day, but to Saturday, May 6th. This provision of section 105 of the village law as to adjournment from day to day is also directory merely.

[7] The petition next alleges that the assessment roll does not contain a description of said property nor give the quantity of land to be assessed, or the number of the lot, or any description thereof sufficient to comply with the law and duties of said assessors. This is an allegation merely of a matter of law.

[8] From the return it appears that the property was described on the assessment roll in the following language: "Paper Mill. Now in operation. Store-house and office between canal and river." Such a description complies with the law. People ex rel. Hutchinson v. O'Brien, 53 Hun, 580, 6 N. Y. Supp. 862; People ex rel. B., R. & P. R. R. Co. v. Carmichael, 64 Misc. Rep. 271, 118 N. Y. Supp. 354.

[9] The petition further alleges that the relator's property is assessed for the fiscal year 1911 at the sum of $20,000, notwithstanding the protests of the relators that the said assessment is excessive, illegal, and unauthorized; and, further, that the said property has not, up to the present fiscal year, been assessed by the assessors of the village for more than one-half the present assessment. It further alleges that on grievance day the relators filed an affidavit alleging that the assessment was excessive, illegal, and unauthorized, and asking that the same be reduced from the sum of $20,000 to $14,500. And the relators allege that the assessment is excessive upon the ground that it is assessed for twice what it should be.

In my opinion this allegation is insufficient. There is no statement that the property in question was assessed at more than its fair value. The allegation that in former years it has been assessed at less than $20,000 is not equivalent to such a statement.

[10] Nor is the allegation that the assessment is excessive upon the ground that it is assessed for twice what it should be. That is a question of law, not of fact. People ex rel. Greenwood v. Feitner, 77 App. Div. 428, 79 N. Y. Supp. 309.

[11] Finally the petition alleges that in the year 1911 the assessors discriminated against the property of the relators and did not assess it in proportion to other property assessed by them in the village of Phœnix, but at a much higher valuation; that said assessment so made by said assessors aside from this property was practically uniform; and that this was the only property where such a discrimination was made, and for that reason said assessment is excessive and unauthorized. It states, also, that on grievance day the relators appeared before the assessors and stated their grievances in relation to the assessment and filed an affidavit, setting forth the condition and situation of their property and alleging that the assessment was excessive, illegal, and unauthorized, and asking that it be reduced from the sum of $20,000 to $14,500.

In their return the defendants deny any discrimination, and present an affidavit of the relators asking that the assessment be reduced on the ground that it is excessive, and state that this affidavit "is the only paper and the only evidence or statement submitted by said relators and filed or on file with us in relation to the matter," and that "neither said relators nor their attorney filed any other statement, application, or paper with us or gave any evidence before us on said day or at any other time."

On the argument it was asserted by the relators, and not denied by the respondents, that in addition to the affidavit various oral statements were made, and that the attention of the assessors was specifically called to numerous cases of real property in the village of Phœnix showing the discrimination claimed. It is probably true that the relators must stand or fall upon the grounds of error averred in their application for reduction made to the assessors. Tax Law, § 37; Matter of Winegard, 78 Hun, 58, 28 N. Y. Supp. 1039; People ex rel. Citizens' Lighting Co. v. Feitner, 81 App. Div. 118, 81 N. Y. Supp. 73; People ex rel. Greenwood v. Feitner, 77 App. Div. 428, 79 N. Y. Supp. 309.

As we have seen, section 290 of the tax law provides that the petition in such a case as the present must show that application has been made in due time to the proper officers to correct such assessment. This petition makes that allegation. It is denied with more or less completeness by return; and an affidavit is presented, filed by the relators, with the claim that the affidavit shows upon its face that no such objection was made before the assessors at the proper time. Precisely what would be the effect of this affidavit, whether it is sufficiently broad in itself to raise the questions which the relators here seek to have adjudicated, whether, by accepting it without objection,

the defendants have waived this objection, need not be decided here. A question of fact is raised essential to the determination of the issues in the matter, and upon that question evidence should be taken.

Taking the petition and the return together, an issue of fact is also raised as to whether or not discrimination exists between the particular property involved and all other property in the village. It was not necessary, in view of the claim made in the petition, that specific instances of inequality should be given. People ex rel. N. Y. C. & H. R. R. R. Co. v. Budlong, 25 App. Div. 373, 49 N. Y. Supp. 484; People ex rel. Erie R. R. Co. v. Webster, 49 App. Div. 556, 63 N. Y. Supp. 574.

I will therefore direct that a referee be named to take evidence on that subject and report the same to the court with his findings of fact and conclusions of law. Such referee may be selected by the parties, if they can agree. If not, he will be named by the court.

Upon the coming in of said referee's report, this case may be brought on for trial by either party upon five days' notice to the other.

An order in accordance with these views may be entered.

Ordered accordingly.