ELGIN CANNING Co. *v.* ATCHISON, T. & S. F. R. Co.

*(Circuit Court, N. D. Iowa, E. D.   1885.)*

JURISDICTION — FOREIGN RAILROAD CORPORATION — WRONGFUL DELIVERY OF GOODS IN ANOTHER STATE—CODE IOWA, §§ 2582, 2585.

The state and federal courts in Iowa have no jurisdiction of an action brought by a citizen of Iowa for damages for the wrongful delivery of goods in Colorado, shipped over a line of railroad forming a continuous or through line, against the railroad company making such delivery, which was chartered in Kansas and operated its line of road in that state, and in Colorado and New Mexico, but not in Iowa, and that had no agent or office in the latter state.

At Law. Demurrer to plea to jurisdiction.

*Rickel & Bull*, for plaintiff.

*McCrary & Hagerman* and *James Hagerman*, for defendant.

SHIRAS, J. This action was originally brought in the superior court of Cedar Rapids, Iowa. The defendant, at the time it appeared in that court, filed a plea to the jurisdiction of the court, and also a petition for the removal of the cause into this court, which petition was granted. Upon the filing of the record in this tribunal the plaintiff demurred to defendant's plea to the jurisdiction, and the cause is now before the court upon the issue thus presented. In the petition filed, the plaintiff avers that it is a corporation organized under

the laws of the state of Iowa, and that on the twenty-fourth of October, 1884, one O. C. Evans, of Pueblo, Colorado, ordered of plaintiff certain goods, to be forwarded to Pueblo; that the plaintiff delivered said goods to the Burlington, Cedar Rapids & Northern Railway Company, "as the initial line of railway engaged in transporting said goods to said point;" that said plaintiff, not knowing said Evans, and not wishing to deliver said goods to him until he had paid for the same, consigned said goods to themselves at Pueblo, and drew a draft for the price thereof upon Evans through the First National Bank of Pueblo, accompanied with an order upon defendant for the delivery of the goods; that the defendant delivered the goods to said Evans wrongfully, before he had paid for the same; that Evans is insolvent, and plaintiff has been unable to collect the price of said goods from him; wherefore, defendant is liable to the plaintiff for the loss thus caused.   In the plea to the jurisdiction of the superior court of Cedar Rapids, filed by defendant, it is averred that the defendant is a corporation, created under the laws of the state of Kansas, engaged in operating a line of railway in Kansas, Colorado, and New Mexico; that it was not organized for the purpose of operating any line of railroad in Iowa, and that it is not now operating, nor has it ever operated, any such line in Iowa; and, further, that the cause of action sued on did not grow out of, and is in nowise connected with, any office or agency of defendant in Iowa.   The question, therefore, for determination is whether the courts of Iowa have jurisdiction of the defendant under the facts disclosed upon the record in this cause.

Section 2582 of the Code of Iowa provides that "actions may be brought against railway corporations   *   *   *   in any county through which the line or road thereof passes or is operated."   Section 2585 further provides that "when a corporation, company, or individual has an office or agency in any county for the transaction of business, any suit growing out of or connected with the business of that office or agency may be brought in the county where such office or agency is located."   These provisions apply to foreign as well as to domestic corporations, and hence, if it appeared that the defendant was operating any line of railway in the state of Iowa, or that it had an office or agency in any county for the transaction of business, and the cause of action arose out of business connected with such office or agency, then the courts of the state would have jurisdiction over the defendant, as the case would then be within the principles laid down in *Ex parte Schollenberger*, 96 U. S. 369.

In the case now before the court, the averments of the plea, which are admitted by the demurrer, show that the defendant is a foreign corporation, and that it is not operating a line of railway within the state of Iowa; and that the cause of action did not grow out of any business transacted at any office or agency of the defendant in Iowa. Under these circumstances, the defendant corporation cannot, at the time of the alleged service of the notice upon it, be said to have been

within the jurisdiction of either the state or federal courts in the state of Iowa.

It is urged in argument that the defendant, by its appearance in the state court, waived all objection to the jurisdiction under the provisions of paragraph 3 of section 2626 of the Code. This section defines the mode of appearing to an action, and is not intended to define or establish the jurisdiction of courts over non-residents. An appearance, even though for a special purpose, obviates the necessity of giving the party appearing any further or formal notice of the pendency of the action. If, however, the filing of a plea to the jurisdiction is an appearance which confers jurisdiction, according to the argument of plaintiff, then it would be impossible for a defendant to question the jurisdiction, or to obtain a ruling thereon in his favor. As is said by the supreme court of Iowa in *Cibula* v. *Manufacturing Co.*, 48 Iowa, 528, paragraph 3 of section 2626 "is applicable to cases wherein there are objections to 'the substance or service of the notice.'" An appearance to object to the sufficiency of the notice is one thing, and an appearance to object to the jurisdiction of the court is another. If the jurisdiction does not exist, an appearance for the purpose of making the objection does not confer jurisdiction.

Counsel for plaintiff insists in argument "that if the court had no jurisdiction to try the case, it was because the subject-matter of the action was not within its jurisdiction." Herein lies the error of the position assumed on behalf of plaintiff. The subject-matter of the action is within the jurisdiction of the superior court of Cedar Rapids; but that court did not have jurisdiction of the *person* of the defendant. The defendant, being a corporation, has its legal home in the state under whose laws it was created; that is to say, in this instance, in the state of Kansas. It may, however, by its agents transact business in other states, unless prohibited from so doing by the laws of such other state or the restrictions in its charter. As is expressly ruled by the supreme court in *Ex parte Schollenberger, supra*, it may under such circumstances "consent to be found away from home for the purposes of suit as to matters growing out of its transactions."

The state of Iowa has in substance provided that any corporation, company, or individual, having an office or agency in any county in this state for the transaction of business, may be sued in such county upon any cause of action connected with or growing out of such agency or office, or the business transacted thereat. A foreign corporation doing business in this state comes within this statute, and is deemed to have consented to be found within the state for the purpose set forth in the statute. It cannot, however, be held that the foreign corporation has consented to be found here for every purpose, nor to consent to be sued in the courts of Iowa in cases not embraced within the provisions of the statute. But in the case at bar it does not appear that the defendant corporation ever transacted any business in Iowa, or ever had any office or agent located in the state. The re-

turn of the officer who served the original notice shows that he served the same upon the "Atchison, Topeka & Sante Fe Railroad Co., by reading the same to S. M. Osgood, agent of said company, and delivering to him a true copy of the same, in Linn county, Iowa." For aught that appears, Osgood may have been a traveling agent, without any office in Iowa. But, however this may be, the demurrer to the plea admits that the defendant corporation was not operating any line of railway in Iowa, and that the cause of action sued on did not grow out of any business transacted in any office or agency of the defendant in Iowa.

Under these circumstances the defendant, as to such cause of action, had not consented to be found within the state of Iowa; and therefore, being a foreign corporation, it was not within the jurisdiction of the courts of Iowa, either state or federal.

The demurrer to the plea should therefore be overruled; and it is so ordered.