## CLEWS *v.* WOODSTOCK IRON Co.

*(Circuit Court, S. D. New York. October 13, 1890.)*

1. SERVICE OF PROCESS—FOREIGN CORPORATION—DOING BUSINESS IN STATE.
   A foreign corporation, which has done no business in New York beyond negotiating a mortgage on its property, and having the bonds secured thereby put on the list of the New York Stock Exchange, is not engaged in business in the state, and no jurisdiction over it is acquired by service of summons on its president while temporarily in the state for those purposes.

2. SPECIAL APPEARANCE—WAIVER OF OBJECTIONS.
   By appearing specially, and removing the cause from a state to a federal court, the corporation does not waive the right to object to the jurisdiction.

Motion to Set Aside Service of the Summons.

Defendant is an Alabama corporation. Summons in an action brought in the state court was served on its president, Alfred L. Tyler. That officer was a resident of Alabama, and had no residence in the state of New York. He was at the time of service in New York city, attending to the business of various enterprises, including the negotiation for said defendant of a certain loan upon mortgage of its property. In order to obtain such loan he presented the application of said defendant, on June 16, 1890, to the committee on stock-list of the New York Stock Exchange, asking to have the bonds secured by said mortgage listed on the stock exchange. Thereafter, on three or four occasions, he appeared before the committee to urge the granting of the application and explain the same. On June 25th the committee made a report favorable to the application. The bonds were sold by said Tyler principally to two firms of brokers, and were admitted to the list July 22, 1890. On July 18, 1890, the summons was served. The regular business of the defendant, which is carried on at the city of Anniston, Ala., is the development of lands owned by it in said state, mining and transportation of ores therefrom, and the manufacture of pig-iron and other manufacturing connected therewith. Defendant removed the case into this court, and moved to set aside the service of the summons, having appeared specially for that purpose.

*Strong & Cadwalader,* for the motion.

*Noah Davis, contra.*

LACOMBE, Circuit Judge. In *Good Hope Co.* v. *Railway B. F. Co.*, 22 Fed. Rep. 635, it was held that service of summons upon the president, secretary, or treasurer of a foreign corporation, which is not engaged in business in this state, would be inoperative to confer jurisdiction. The decision was rendered after the converse of that proposition had been announced by the court of appeals, (construing section 432 of the New York Code,) this court quoting with approval the language of the opinion in *Moulin* v. *Insurance Co.*, 24 N. J. Law, 224, which characterized a law similar to that of this state as "so contrary to natural justice and to the principles of international law that courts of other states ought not to sanction it." As indicated in *Golden* v. *Morning News*, 42 Fed.

Rep. 112; that decision must be accepted as settling the law in this circuit. Its principles are as applicable to causes which are removed as to those which are not. It would be absurd to hold that proceedings in a state court were void on the theory that such court acquired no jurisdiction of the party because its attempted service of process was abhorrent to natural justice and international law, and at the same time to hold that a federal court could administer justice under such a service after the cause had been removed to its forum. Nor does removal and special appearance by the defendant waive its right to avail of a defective service. *Harkness* v. *Hyde*, 98 U. S. 476; *Miner* v. *Markham*, 28 Fed. Rep. 395. The only question, therefore, which is left for decision upon this application is whether the corporation defendant was at the time of service of the summons engaged in business in this state. That question must be determined by what it had done, or was doing, at that time, rather than by what it might do thereafter. That it will probably hereafter provide a regular agency in this state for the continuous transaction of the business of registration and transfer of its bonds and payment of the interest on the coupons during the continuance of the mortgage is immaterial. The only business which it had done up to the 18th July was the borrowing of money upon its bond and mortgage, and the obtaining from the stock exchange of the privilege of having such bonds called on the list of securities dealt in on its floor. It could apparently have secured this privilege, and could have sold its bonds by correspondence. It kept no office here. It did not continuously, or even for a period of some duration, carry on here the business which it was organized to carry on, and by the regular transaction of which it gave evidence of its continued existence. It cannot, therefore, be held under the authorities that the defendant was, at the time when Tyler was served, engaged in business in this state so as to make service of the summons on him efficient to bind the corporation. *U. S.* v. *American Bell Tel. Co.*, 29 Fed. Rep. 37; *Good Hope Co.* v. *Railway B. F. Co.*, 22 Fed. Rep. 635; *Hunter* v. *Improvement Co.*, 26 Fed. Rep. 299; *St. Louis Wire-Mill Co.* v. *Consolidated Barb-Wire Co.*, 32 Fed Rep. 802; *Carpenter* v. *Air-Brake Co.*, Id. 434. Motion granted.