HOUSTON et al. v. FILER & STOWELL CO.

(Circuit Court, N. D. Illinois, N. D.    February 21, 1898.)

CORPORATIONS—ACTIONS—SERVICE ON MANAGER IN FOREIGN STATE.
    When the manager of a corporation goes into another state on business of the corporation, service of summons against the corporation in a suit relating to that business may be made on him there.

This was an action on the case by the firm of C. T. Houston & Co. against Filer & Stowell Co., a corporation.    The case was heard on a motion to quash the service of summons.

D. V. Samuels, for plaintiffs.
Partridge & Partridge, for defendant.

GROSSCUP, District Judge.    This action was originally brought in the circuit court for Cook county.    The plaintiffs are residents of Illinois, and the defendant is a corporation under the laws of the state of Wisconsin, having its office and place of business in the city of Milwaukee, state of Wisconsin.    The defendant is engaged in the business of manufacturing and selling sawmill machinery, and has no office, or place of business, in the state of Illinois, nor anywhere else than in the city of Milwaukee, and none of its officers or directors are citizens of the state of Illinois.    The plaintiffs and defendant had had some transactions relating to sawmill machinery, sold by the defendant to the plaintiffs, in the outcome of which the defendant claimed a sum of money as back payment, and the plaintiffs claimed a sum of money as damages arising out of the defendant's failure to properly fulfill its contract.    Pending a settlement of these transac-

tions, the general manager of the defendant wrote the plaintiffs that, at a certain day in the future, he would be in Chicago, and a conference might then be had between them respecting an adjustment of their differences. The conference was postponed several times, but was, in the end, held, in pursuance of this suggestion of the defendant's general manager. I can find that the plaintiffs in no sense fraudulently invited or lured the general manager of the defendant to Chicago, that, under the pretense of a conference, they might serve him with summons in the action brought.

The conference proved unavailing, whereupon, at its conclusion, in pursuance of a prearrangement made by the plaintiffs, a deputy sheriff served upon the general manager of the defendant a summons in the action now pending. The purpose of the motion under consideration is to vacate service. The action was removed by the defendant upon a special appearance for the purpose of vacating the service.

A corporation is not necessarily found in the county or district merely because one of its general officers may be there, though the officer be its general manager. But when he is in the county or district, under charge of the corporation, to do something with respect to the business upon which the suit is brought, and when his being there is not the result of fraudulent enticement, I can see no reason why service on him is not service upon the corporation, or why the corporation is not, in his person, and during the time covered by his presence for such a purpose, itself present in the county or district. Had the matter been the manager's individually, and the suit been against him individually, there can be no doubt the service, under the circumstances stated, ought to be maintained; but the general manager was, for the time being, in the matter in which he was sent, the corporation, and brought to this county and district the presence of the corporation as effectually as that could be done. The corporation sending him to transact the corporate business was, within the limits of that business, itself present. The motion to vacate must be overruled.