# CASES

## ARGUED AND DETERMINED

IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### EIRICH v. DONNELLY CONTRACTING CO.

(Circuit Court, N. D. Ohio, E. D. October 5, 1900.)

#### No. 5,951.

JURISDICTION OF FEDERAL COURTS—DISTRICT IN WHICH SUIT MUST BE BROUGHT
—CORPORATIONS.

A corporation of New York having its office in Buffalo, which does not maintain, and has never maintained, any office or place of business in the state of Ohio, is not "found" in that district, within the meaning of the federal statutes, so as to be subject to suit there, merely because one of its officers is temporarily in Ohio, superintending work being done by the corporation in a harbor, under a contract with the United States; and service of process upon such officer confers no jurisdiction on the courts of the state or district over the corporation.[1]

On Motion to Quash and Set Aside the Service of Summons.

Smith & Blake, for plaintiff.
Hoyt, Dustin & Kelley, for defendant.

RICKS, District Judge. Plaintiff sues the defendant for injuries inflicted upon the plaintiff's decedent while engaged in the building of a breakwater in the harbor of Cleveland. A service, which, it is alleged, is defective, was made upon the defendant company by the sheriff of Cuyahoga county. In due time a petition for removal, with bond, was filed in the court of common pleas for Cuyahoga county, and the case was removed to this court. The defendant now comes with a motion to set aside the service of process, both on the ground that the proper officer of the defendant company was not served, and that the defendant company was not liable to be sued in this county. The most important question to determine is whether the defendant corporation was amenable to process of the courts of Cuyahoga county, because, if it was, the defendant might be reached by alias summons, or by proper proceedings looking to the correction of an im-

[1] Jurisdiction over corporations, St. Louis, I. M. & S. Ry. Co. v. Newcom, 6 C. C. A. 174.

104 F.—1

proper return by the sheriff of the county. Counsel for both parties have filed briefs. In the view I take of the case, it is not necessary to review all of the authorities cited. It appears from the pleadings and affidavits filed that the defendant corporation has its principal office and place of doing business in the city of Buffalo, in the state of New York. It appears positively from the sworn testimony of Mr. Skinner, upon whom it is claimed process was served in this county, that the defendant corporation has no office in the state of Ohio, was not doing business in the state of Ohio at the time of the alleged service, had not been amenable to such service before the time stated, and that he was here temporarily to look after the work being done on the breakwater.. He came solely for that purpose, and for no other. He admits that, temporarily, he had a room at the American House, where he lodged; but he declares in his affidavit that he was sent here, not to seek any other business in the state of Ohio, and not to make his corporation a citizen of Ohio, but solely for the purpose of temporarily supervising the work on the breakwater. He alleges further, in his affidavit, that his company does a large business under contracts made with the government of the United States; that this work is done in many of the states of the Union, but the only place in which they have an office, within the meaning of the statute, is in the city of Buffalo, as aforesaid. I am of the opinion, from the facts briefly stated, and from the affidavits filed, that the defendant corporation was not "found" in the Northern district of Ohio, within the meaning of the several acts of congress.

Counsel for the plaintiff insists that it would be a great hardship upon him to be compelled to follow the defendant to the state in which its office and place of business are situated, and there bring suit to recover damages; but the defendant has rights which the court must also consider. It has the right to be sued in the county and state where it lives and does business, or where it is "found," within the meaning of the acts of congress. As before stated, the defendant not being a citizen of Ohio, it is not amenable to process in this county, and is, therefore, entitled to be protected from the burden of defending a suit in a court without jurisdiction. The motion to quash and set aside the service of summons is therefore sustained.