## LOUDEN MACHINERY CO. v. AMERICAN MALLEABLE IRON CO.

### (Circuit Court, S. D. Iowa, E. D. February 22, 1904.)

### No. 365.

1. FOREIGN CORPORATIONS—ACTIONS—JURISDICTION—SERVICE.

Plaintiff, an Iowa corporation, purchased certain iron products of defendant, an Illinois corporation, to be delivered f. o. b. Chicago. A difference occurring between the parties was attempted to be settled by their attorneys, who resided in Chicago, and, having failed, defendant's president, having occasion to travel through Iowa, stopped at plaintiff's place of business in order to settle the claim; and, on his stating that it would be necessary to lay plaintiff's proposition before defendant's board of directors, notice of suit was served on him. Defendant owned no property in Iowa, never had an agency in the state, and never did any business there. *Held*, that the service on defendant's president under such circumstances was insufficient to confer jurisdiction of defendant on the Iowa courts.

2. SAME—STATE STATUTES—SPECIAL APPEARANCE—EFFECT—FEDERAL COURTS.

A state statute prohibiting special appearance does not preclude a defendant sued in a state court, after removing the cause to the federal court, where special appearances are allowed, from appearing specially and objecting to the service on the ground that the defendant was not amenable to the process of the courts of such state.

3. SAME—JURISDICTION—OBJECTIONS—WAIVER.

Where a foreign corporation was sued in the state court, and filed a plea reciting fraud, and facts showing that the state court had no jurisdiction over such corporation, and at the same time filed its bond and petition to remove the cause to the federal court, such acts did not constitute an appearance or waiver of the corporation's objection to the state court's jurisdiction.

W. J. Roberts, for plaintiff.
H. Scott Howell & Son, for defendant.

McPHERSON, District Judge. The plaintiff, a corporation and citizen of Iowa, brought this action in the district court of Jefferson county, Iowa, against the defendant, a corporation and citizen of Illinois. By a written contract between the parties, the defendant was to furnish certain iron products f. o. b. Chicago, consigned to plaintiff, in Iowa. For a failure to so load the cars at Chicago, this action was brought to recover the damages by reason of such products enhancing in price. Each of the parties had an attorney in Chicago. These attorneys attempted to adjust the matters of difference, but failed. A Mr. Palmer was president of defendant. He was desirous of visiting Ottumwa, Iowa, and he concluded to, and did, stop off at Fairfield,

¶ 3. See Appearance, vol. 3, Cent. Dig., § 50.

Iowa, where plaintiff's offices and works were. At Fairfield he tried to adjust the matter in suit. Plaintiff's officers made a proposition to him, which he (Mr. Palmer) said he would take to Chicago and lay before his board of directors; he claiming he could not act upon it. Thereupon, and within a few minutes, a notice of this action was served upon him.

The defendant had no office, place of business, agent, agency, or property in Iowa, and never had. It had never done any business in Iowa. The contract in suit was made by mail, and was an Illinois contract, to be by defendant wholly performed in Illinois. An officer going over the country "does not carry the corporation in his pocket." To enable a foreign corporation to be sued in this state, it must be engaged in business in this state. And the showing is that defendant never owned a dollar in property in the state, and never had an agency in the state, and never did any business in the state. But it is said that, because its president came to the state on a visit, and stopped off a train to try and settle a business difference, he thereby subjected his company to the jurisdiction of the Iowa courts. Carrying on of business by a corporation in another state means something more than a single transaction, and certainly something more than the one transaction of an attempt to compromise a matter connected with a contract of the state where the foreign corporation resides and has its being. Morawetz on Corporations, vol. 2, §§ 979–981; United States v. Telephone (C. C.) 29 Fed. 17–35; Carpenter v. Westinghouse (C. C.) 32 Fed. 434; St. Clair v. Cox, 106 U. S. 350–357, 1 Sup. Ct. 354, 27 L. Ed. 222; St. Louis Wire Mill Co. v. Wire Co. (C. C.) 32 Fed. 802; Maxwell v. Railroad (C. C.) 34 Fed. 286; Reifsnider v. Publishing Co. (C. C.) 45 Fed. 433; Clews v. Iron Co. (C. C.) 44 Fed. 31; Doe v. Mfg. Co., 104 Fed. 684, 44 C. C. A. 128; Cooper Co. v. Ferguson, 113 U. S. 727–734, 5 Sup. Ct. 739, 28 L. Ed. 1137. And the cases cited call attention to so many others that I need not multiply citations.

As yet, I cannot believe that a foreign corporation, having a difference with an Iowa citizen concerning a contract not made in this state, surrenders itself to Iowa courts because an agent, with or without authority, comes to this state, seeking to adjust such difference. If such be the law, then compromises, so much favored by law, are largely at an end as to foreign corporations.

The only case called to my attention, upholding plaintiff's contention, is one decided on the circuit by Judge Grosscup, in the case of Houston v. Filer (C. C.) 85 Fed. 757. But that case is not authoritative, and, standing alone, as it does, I cannot follow it. Nor is the other case cited by plaintiff's counsel (Insurance Company v. Spatley, 172 U. S. 602–611, 19 Sup. Ct. 308, 43 L. Ed. 569) in point. Because in that case the company for years had done business in and under the laws of the state, including the issuance of, and the delivery within the state of, the policy in suit. The company having quit business in the state, an officer went to adjust the claim, and, while there, notice of suit was served on him. Judgment by default being rendered, it was upheld by the Supreme Court. But the state of facts in that case were quite different from those in the case at bar. In that case the company for years had done business in the state, and such business

had been done under the statutes of the state. The policy in suit was issued by virtue of the laws of the state. The officer had authority to make a settlement. In the case at bar the defendant had never done business in Iowa. And the officer had no authority to make a settlement, but could only carry the proposition back to Chicago and lay it before his board of directors.

The remaining question is, did defendant waive its freedom from suit by its appearance? The defendant filed pleas reciting fraud and the foregoing facts, all of which, in effect, was one plea, and that was that the state court had acquired no jurisdiction over the defendant. And at the same time it filed its bond and petition to remove the case to this court, which instantly ousted that court of all power. Nothing remained for the state court to do, or which it could do, unless the defendant failed to file the record in this court. And probably not then, until this court made an order to remand. Iowa has a statute, as have many of the states, prohibiting special appearances. And many persons, such as members of Congress and of Legislatures, litigants, attorneys, and witnesses, are privileged from suit on certain occasions. And yet it is a privilege which, if not urged, is thereby waived. But according to the contention of plaintiff's counsel, it would be a waiver if such parties did not appear, and it would be a waiver if they did appear. If such be the law, then the privilege from suit would be a myth. All the courts hold, and notwithstanding such statutes, that such exemptions can be made to appear to the court, and the matter determined. And if such exemption is denied, the defendant can then plead to the merits, as appears from the case of Harkness v. Hyde, 98 U. S. 478, 25 L. Ed. 237. But the Iowa statute denying the right to specially appear has been construed in Cibula v. Pitt's Sons' Co., 48 Iowa, 528, to mean that special appearances are not allowable to object to the substance or to the service of the notice, and that the statute does not go to jurisdictional matters. And Judge Shiras held in Elgin v. Railroad (C. C.) 24 Fed. 866, that when the defendant filed a plea in the state court that it was not amenable to suit, and at the same time filed its petition for removal, the invalidity of the service was not waived. But in all such cases the question is not what the state court would hold, but the question is, what should this court hold, which does allow special appearances? Goldey v. Morning News, 155 U. S. 518–526, 15 Sup. Ct. 559, 39 L. Ed. 517; Railroad v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431; Barrow Co. v. Kane, 170 U. S. 110, 18 Sup. Ct. 526, 42 L. Ed. 964; Cady v. Associated Colonies (C. C.) 119 Fed. 420.

All that defendant did in the state court was to plead to the jurisdiction of the court—to plead that the defendant was not within the state. In my opinion, the state court did not acquire jurisdiction over the defendant, and that defendant has not surrendered itself to the jurisdiction of either the state court or of this court. And it is for this court, and this court only, to pass on those matters.