BRUSH CREEK COAL & MINING CO. v. MORGAN–GARDNER ELECTRIC CO.

(Circuit Court, W. D. Missouri, W. D.   April 8, 1905.)

FOREIGN CORPORATIONS—PROCESS—SERVICE ON OFFICER—JURISDICTION.

 Service of process on a general officer of a foreign corporation, who voluntarily came into the state to adjust a difference between the corporation and plaintiff with reference to the subject-matter of the suit, while such agent was within the state, was sufficient to confer jurisdiction of the corporation.

 [Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2613.

 Service of process on foreign corporations, see note to Eldred v. American Palace Car Co., 45 C. C. A. 3.]

Scarrett, Griffith & Jones, for plaintiff.
Frank Hagerman, for defendant.

AMIDON, District Judge. The defendant is an Illinois corporation, owning and operating a large manufacturing plant at Chicago, in that state, where it manufactures electric engines and apparatus necessary in the development of coal mines. It has never had an office or agency in Missouri, nor has it done any business therein except as hereinafter stated. Plaintiff was the owner and operator of a coal mine in Jackson county, Mo., which required extensive electrical machinery for its development, and an engine for the operation of such machinery. It signed at Kansas City, Mo., an order therefor, which was forwarded to the defendant at Chicago, Ill., where it was accepted. Under this contract defendant was to construct the engine and apparatus, forward the same to Kansas City, and send its mechanics here to set up the machinery in the mine and supervise its working. The machinery did not do satisfactory work, and the mechanics were in charge of the same, more or less, for about 11 months. Under the contract, if the engine and apparatus did not work, it was to be taken out of the mine

and returned by plaintiff at its cost. When it did not work, the plaintiff refused to take it out, and the defendant was required to send from Chicago its mechanics to take down the machinery and ship it back. Differences arose between the parties as to whether the appliances should be accepted, and upon what terms. Ralph T. Noble, who was an assistant to the defendant's general manager, and in the absence of such general manager was clothed with all his powers, was in Wyoming on the business of the corporation, and when returning passed through Kansas City, Mo., for the purpose of conferring with the plaintiff touching the transaction above described. He stopped at the office of the president of the plaintiff, and attempted to adjust the differences. While these negotiations were in progress, the president of the plaintiff caused the summons in this action to be served upon him. The evidence taken upon the plea, which was filed to the jurisdiction of the court, showed that the defendant had had two other similar business transactions in the state of Missouri, and that these three matters constituted the only business transacted by it in this state.

By its plea the defendant contends that the state court acquired no jurisdiction over the defendant by the service of process upon its officer while thus in the state, under the facts above set forth. The decisions of the Supreme Court are entirely plain that the service of process upon an officer of a foreign corporation which is not engaged in business in the state where the service is made, and has no agent there engaged in the transaction of its business, the officer being in the state simply as a traveler, or on his own private affairs, does not confer jurisdiction upon the court; and this is true without regard to the rank of the officer. On the other hand, it is equally plain that, if the corporation is engaged in business in the state where the service is made, or has an officer or agent there, appointed by it for the transaction of its business in the state, service upon such officer or agent, if authorized by the statute of the state, confers jurisdiction of the corporation upon the court. Neither of these situations, however, presents the precise question which is now before the court. It appears from the evidence taken upon the plea that the officer upon whom process was served in this case was a general officer of the defendant corporation; that he was in the state at the time of the service, engaged in the business of the corporation, having come into the state for that purpose alone; and that the matter in which he was then engaged on behalf of the defendant constitutes the very cause of action upon which the plaintiff bases its right to recover. The Supreme Court has not delivered any clear decision upon this state of facts, but much of the language employed in the leading case of St. Clair v. Cox, 106 U. S. 350, 1 Sup. Ct. 354, 27 L. Ed. 222, throws a strong indirect light upon the question. That opinion quotes from the case of Newell v. Great Western Railway Co., 19 Mich. 336, where the service was made upon the treasurer of the defendant company in the state of Michigan while he was there on private business. The whole ground of the reasoning of the Michigan court, which is quoted, goes to the effect that, if the

treasurer had been in the state of Michigan on any business of the corporation, the court would then have acquired jurisdiction of the corporation by service upon him. Commenting upon that case the Supreme Court said:

"According to the view thus expressed by the Supreme Court of Michigan, service upon an agent of a foreign corporation will not be deemed sufficient unless he represents the corporation in the state. This representation implies that the corporation does business or has business in the state for the transaction of which it sends or appoints an agent there."

Later in the opinion, at page 359 of 106 U. S., page 362 of 1 Sup. Ct. (27 L. Ed. 222), the court says:

"The transaction of business by the corporation in the state, general or special, appearing, a certificate of service by the proper officer on a person who is its agent there would, in our opinion, be sufficient prima facie evidence that the agent represented the company in the business. It would then be open, when the record is offered as evidence in another state, to show that the agent stood in no representative character to the company, that his duties were limited to those of a subordinate employé, or to a particular transaction, or that his agency had ceased when the matter in suit arose."

Much of what is said in this case goes to the question whether the agent upon whom process was served was of sufficiently high grade so that he could be "properly deemed representative of the foreign corporation." As bearing upon that question, the fact whether the company was actually engaged in business in the state, and the extent of the business committed to the management of the agent, would be material. But if the officer served was a general officer of the corporation, then the extent of the business transacted by him in the state is of no importance in determining the question as to whether he is of an official rank such as to make him properly representative of the company. The precise question under consideration was before the Circuit Court for the Northern District of Illinois in the case of Houston et al. v. Filer & Stowell Co., 85 Fed. 757, and it was there held that, when the manager of a corporation goes into another state on the business of the corporation, service of summons against the corporation in a suit relating to that business may be made on him there, although the corporation does not transact business in the state so as to make it an inhabitant thereof. In my judgment, the opinion in this case is a correct exposition of the law. Any individual may be served in any state where he is found without regard to the place of his residence. A corporation is entitled to no greater exemption. It ought to be held to be present in any state to which it sends its general officer for the transaction of its corporate business. The case of St. Louis Wire-Mill Company v. Consolidated Barb Wire Company et al., 32 Fed. 802, arising in this circuit, and decided by Judge Thayer, does not present the precise question, for the officer upon whom service was there made did not enter the state for the purpose of carrying on any business on behalf of the corporation, but came there for the purpose of attending a fair at St. Louis; and the question now under consideration is not considered in the opinion. The case of Eirich v. Donnelly Contracting Company (C. C.) 104 Fed. 1, is in point, but seems to have been decided upon a misappre-

hension of the law. The court there quashed the service upon the ground that the defendant was not "found" in the district of Ohio; evidently basing the decision upon the earlier federal statutes requiring that the defendant be found in the district as a condition of federal jurisdiction. But under the present statute it is sufficient to confer jurisdiction if the plaintiff is a citizen of the district where the action is brought and service is obtained on the defendant. The facts in the case of Clews v. Woodstock Iron Company (C. C.) 44 Fed. 31, would also bring the case within the question now raised, but the question is not discussed in the opinion, although the decision is adverse to the validity of the service. The case of United States Graphite Co. v. Pacific Graphite Company (C. C.) 68 Fed. 442, is likewise in point on its facts, and held against the validity of the service; but the distinction which is pointed out by Judge Grosscup in the case in 85 Fed. 757, is not adverted to in the opinion.

The plea to the jurisdiction will therefore be overruled, and the cause will go to trial upon the merits on the answer, in which the plea is embodied.