### HOYT v. OGDEN PORTLAND CEMENT CO.

#### (Circuit Court, N. D. New York. March 13, 1911.)

1. APPEARANCE (§ 9*)—GENERAL OR SPECIAL.

   Under the New York practice, mere demand for a copy of the complaint by defendant in person or by attorney, if an appearance at all, would be a special, and not a general, appearance.

   [Ed. Note.—For other cases, see Appearance, Cent. Dig. §§ 42–52; Dec. Dig. § 9.*]

2. DEATH (§ 35*)—RIGHT TO SUE—JURISDICTION.

   An administrator, appointed in New York, of a resident decedent injured by negligence occurring in and dying in another state, having a statute allowing a recovery for death caused by negligence not incon-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sistent with the New York statutes on the same subject, may maintain an action on the foreign statute in the Circuit Court of the United States of the district where the decedent resided and such administrator resides.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 50; Dec. Dig. § 35.*]

3. CORPORATIONS (§ 642*)—FOREIGN CORPORATIONS—DOING BUSINESS IN STATE —PROCESS.

Where the president of a foreign corporation came to New York to settle a claim for the wrongful killing of plaintiff's decedent in the state of the corporation's domicile, such business did not constitute a doing business by the corporation in New York, so as to confer jurisdiction on the New York courts by service of process on the president while so engaged.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2520–2527; Dec. Dig. § 642.*]

Service of process on foreign corporations, see notes to Eldred v. American Palace-Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

4. REMOVAL OF CAUSES (§ 114*) — PROCEEDINGS FOR REMOVAL — ATTACK ON SERVICE.

Defendant, a foreign corporation, was sued in the Supreme Court of New York by service on its president while temporarily within the state, to settle a death claim out of which the action arose. Defendant appeared specially and moved to set aside the service, and, this motion being denied, served a general notice of appearance in the action and demanded a copy of the complaint which was thereafter served on defendant's attorneys. No appeal was taken from the order denying a motion to quash the service, though authorized by the state law, but after receiving a copy of the complaint defendant removed the cause to the federal Circuit Court, and after obtaining an extension of time to answer renewed its motion to quash the service without any restriction or limitation in the Circuit Court of its appearance. Held, that defendant was not again entitled to attack the service in the federal court under the rule that matters which have been decided in the state court and not appealed from should be regarded as settled when the case is thereafter removed to the federal court; also, that the general appearance under the circumstances was voluntary and conferred jurisdiction.

[Ed. Note.—For other cases, see Removal of Causes, Cent. Dig. §§ 241–244; Dec. Dig. § 114.*]

Action by Lettie T. Hoyt, as administratrix, etc., of Irwin B. Hoyt, deceased, against the Ogden Portland Cement Company. On defendant's motion to set aside and declare null and void the service of summons in an action commenced in the state court and removed by the defendant. Motion denied.

William M. Peckham, for plaintiff.
Goodelle & Harding, for defendant.

RAY, District Judge. The defendant is a corporation organized and doing business in and under the laws of the state of Utah. It has no property or place of business in the state of New York and no agent in such state. It has never carried on or done business in the state of New York unless an attempt by its president, W. J. Bell, to compromise and settle this claim made and negotiations to that end had in New York state on several occasions constitute doing business in said state of New York, or unless the hiring of Irwin B. Hoyt, the

decedent, and another by correspondence only, it is claimed, between the defendant company in Utah and the said Hoyt residing and being here, constituted doing business in the state of New York.

The plaintiff is a citizen and resident of the state of New York, where she has duly taken out letters of administration on the estate of said Irwin B. Hoyt. Said Irwin B. Hoyt at the time of his death was a citizen of the state of New York where he had his legal residence. He was at the time, however, temporarily in the state of Utah in the employ of the defendant company.

For the purposes of this motion it must be assumed that he lost his life in the state of Utah while in the employ of defendant and by reason of its negligence occurring there as the proximate cause. After his death and the appointment of Lettie T. Hoyt as administratrix, and the making of a claim for damages, William J. Bell, the president of the company, and at least one other by authority of the defendant company, came from Utah to the city of Syracuse, N. Y., where the plaintiff resides and where said Irwin B. Hoyt had his residence, and on more than one occasion negotiated with said Lettie T. Hoyt and Mr. Peckham, her attorney, as to a settlement and compromise of the plaintiff's said claim for damages by reason of defendant's negligence, and then and there obtained from them written memoranda and statements regarding the said claim, or made them and took them away. It was on and during one of these visits and transactions that the summons in this action was served on said W. J. Bell, the president of the company. He was asked if he was the president and clothed with sufficient authority to receive the service of the summons and a proper person upon whom service could be made, and he stated that he was.

The said summons was issued out of, and this action was commenced in, the Supreme Court of the state of New York, county of Onondaga, N. Y., August 23, 1910, and thereafter the defendant appeared specially and moved in and before said court for an order setting aside the service of said summons on the same grounds alleged here, and said motion was denied and an order entered accordingly October 14, 1910. Thereafter the defendant served a general notice of appearance in the action still pending in the Supreme Court and demanded a copy of the plaintiff's complaint which was served on the attorneys for the defendant November 24, 1910. Thereafter and about December 12, 1910, the defendant removed the said cause from the Supreme Court of the State of New York to the Circuit Court of the United States. The defendant's attorneys then after such removal obtained by stipulation an extension of time to answer herein. There has been no restriction or limitation in this court of defendant's general appearance by order or otherwise unless this motion so operates.

It must be conceded that any person or corporation, unless forbidden by law so to do, may voluntarily appear in an action, and that by so doing here it waives the service of the process prescribed by law to bring him or it into court. I know of no law which prohibits a corporation of the state of Utah from voluntarily appearing in a

case as party defendant in either of the courts of the state of New York and thereby becoming bound by its judgment or decrees. The appearance must be voluntary, however. If sued in one of the courts of the state of New York, and it raises the question of the jurisdiction of the court over it because of the illegality of the service of the summons by notice to set aside the service, and the state court denies the motion, it is not compelled to appear generally, answer, and go to trial, but may appeal and settle the question of the legality of the service. But, having raised the question properly before appearing generally, should it then appear generally because compelled so to do to protect its rights, and answer and go to trial and be defeated on the merits, and then appeal, or be heard on the appeal from the order refusing to set aside the service, the court could reverse such order, and this would end the case, for the plaintiff would be out of court. In states where this is the practice forced on a defendant, the general appearance would not be voluntary. Such, however, is not the practice in the courts of the state of New York. Under the statutes of the state of New York and the decisions of the Court of Appeals of this state, this service was good and gave the state court jurisdiction. In the decision of the Supreme Court the defendant acquiesced, as it did not appeal, and it therefore voluntarily appeared generally and demanded a copy of the plaintiff's complaint. From this complaint it appeared that the plaintiff demanded judgment for a sum exceeding $2,000 exclusive of interest and costs. The defendant contends that it then knew or was informed for the first time that plaintiff's demand, the amount in controversy, was a sum sufficient in connection with diversity of citizenship to give the Circuit Court of the United States jurisdiction; in other words, that it then for the first time knew it was a removable case. The defendant contends that, in order to obtain a copy of the complaint and ascertain the amount in controversy, it was compelled to appear generally, and that therefore its general appearance was not voluntary—a submission to the jurisdiction—and that it could then remove the case and raise the question of the legality of the service of the summons in the Circuit Court of the United States.

I do not think this position tenable under the New York Code of Civil Procedure and New York practice. The summons may be served with or without the complaint. Code Civ. Proc. §§ 418, 419. The defendant may appear generally or even specially. Section 421; Reed v. Chilson, 142 N. Y. 152, 36 N. E. 884. The defendant can appear generally only by serving a notice of appearance or a copy of a demurrer or answer. Valentine v. Myers' S. Depot, 36 Hun (N. Y.) 201, and cases cited. He is entitled to a copy of the complaint whether he does or does not appear. Section 479. A mere demand of a copy of the complaint by attorney or in person would be a special appearance if an appearance at all; clearly not a general appearance. Served with a copy of the complaint he can then appear generally, or specially to make any permissible motion he desires. He is not to answer or demur until 20 days after service of a copy of the complaint. He may secure an order of court extending his time in which to ap-

pear generally or until he is served with a copy of the complaint. Code Civ. Proc. § 781.

"When the time within which a proceeding in an action after its commencement must be taken has begun to run and has not expired, it may be enlarged upon an affidavit showing grounds therefor by the court, or by a judge authorized to make the order in the action."

In Reed v. Chilson, supra, the Court of Appeals said, all concurring:

"It is urged that the defendants were obliged to appear and present the facts to the court or suffer default, and therefore the appearance was not voluntary. This does not change the effect of the appearance. When a party does not intend to subject himself to the jurisdiction of the court, he must appear specially for the purpose of raising the question of jurisdiction by motion, or he may allow the plaintiff to go on and take judgment by default without affecting his rights, since no judgment entered without service of process in some form could bind the defendant, and the question of jurisdiction would protect him at any stage of the proceedings for its enforcement, provided it has not been waived by his own act. But, if the defendant elects to come before the court and there try the questions, he cannot afterwards deny the jurisdiction, or be heard to claim that it was not a voluntary appearance."

See, also, to same effect, Matter of McLean, 138 N. Y. 158, 33 N. E. 821, 20 L. R. A. 389; Freeman v. Freeman, 126 App. Div. 601, 602, 110 N. Y. Supp. 686; Strauss v. Strauss, 122 App. Div. 729, 730, 107 N. Y. Supp. 842.

All the defendant had to do to fully advise itself of the nature of the action and the amount demanded or involved was to demand a copy of the complaint and, as matter of caution, give notice of special appearance for that purpose, and if necessary then ask for an extension of time in which to appear generally. The general appearance here was clearly voluntary. The state court obtained full jurisdiction of the defendant. It had jurisdiction of the subject-matter. The complaint sets up a statute or statutes of Utah similar to those of the state of New York and not inconsistent therewith, allowing recovery in the case of death caused by negligence and giving a right of action for such negligence. It has been repeatedly held that the administrator appointed in New York of a decedent resident of this state, injured by negligence and dying in another state having such a statute, may maintain an action on such statute in the Circuit Court of the United States of the district where such deceased person resided and such administrator resides. If the defendant had not voluntarily appeared generally in the action, this court would possibly have full power in the premises at this time to set aside the service. Remington v. Central Pac. R. Co., 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959. The right to remove arose when the amount in controversy appeared for the first time to exceed the statutory amount required if sought before answer or demurrer was due; but the defendant was not compelled to appear generally in the case prior to the service of the complaint. This is the question of the effect of a general voluntary appearance in the state court before removal.

The next question is whether or not the defendant, it having appeared voluntarily generally in the state court and thereby submitted it-

self to the jurisdiction of that court and then removed the case to the Circuit Court of the United States, can now set aside the service of the summons, or have it set aside by the Circuit Court, the same as if the action had been commenced in this court and no general appearance entered? If so, it is a sort of appeal from the decision and order of the state court, not appealed from, to the Circuit Court of the United States, after a general voluntary appearance in the state court, in place of an appeal to the appellate courts of the state, and a reopening of the whole matter with a general appearance in the case.

In Remington v. Central Pacific R. Co., supra, the Supreme Court of the United States, on writ of error from this court, held, quoting from headnote, that:

"Although the state court, before removal, has refused, subject to an appeal, to set aside a summons, the Circuit Court has power to reopen the question and to set the summons aside."

But in that case there had been no general appearance by the defendant, and an appeal was pending from the decision of the lower court refusing to set aside the service. In that case, instead of appearing generally after refusal of the special term of the Supreme Court to set aside the service of the summons, the defendant appealed from the order and applied for a stay, which was granted pending the appeal. Making these motions was but a special appearance, and the defendant only appeared specially as the statement of the case shows. In those proceedings it appeared by an affidavit filed by the plaintiff that the amount in controversy was sufficient to give the Circuit Court of the United States jurisdiction and make it a removable case whereupon the defendant immediately resorted to and perfected removal proceedings. The appeal from the order refusing to set aside the summons was then pending. The question had not been finally determined by the state courts when the removal took place. The case having come into the Circuit Court without a final decision of the state courts on the question of setting aside the service of the summons, and no general appearance having been entered, the Circuit Court took the case as it found it and entertained and granted a motion to set aside the service. Here no appeal was taken from the order of the state court, and its order became a final determination of the question by the state court, and thereupon the defendant accepting such adjudication voluntarily appeared generally and later removed the case to the Circuit Court. Can this court now, in effect, and in face of the general appearance, reverse that final order of the state court? Would not it be an abuse of discretion, even if it has the power, to open that question? The defendant came into this court by removal proceedings voluntarily after having appeared generally and voluntarily in the case without taking an appeal from the order of the state court refusing to set aside the service of the summons and in effect holding such service valid. Should not the court take the case as it found it when removed and not undertake to review or rescind or reverse the action of the state court in any matter finally determined by it on a disputed question of fact?

If the question of the validity of the service of the summons had been an open question in the state court, even on appeal, when the case came here, this court would consider and determine the question for itself. It would not make the appeal nugatory by refusing to consider the question and blindly accepting the decision of the state court of first instance. It is, of course, true that a motion once denied, by permission of the court, may be renewed before action taken under it. But when a court of competent jurisdiction has determined a question, in the absence of fraud, and the party affected thereby has accepted the decision by not appealing and by entering a general voluntary appearance, should not such matter be regarded as closed in all courts if the court pronouncing the decision had jurisdiction to render it. That the state court had power to make the decision it did is beyond all question. The Supreme Court of the state alone had power to decide in the first instance whether the service of the summons was valid. Whether right or wrong, it is equally conclusive until properly reversed, vacated, or set aside. Of course, no court can gain jurisdiction of the person or subject-matter by merely deciding that it has it. But, when, on a controverted state of facts, a court of competent jurisdiction decides that jurisdiction of the person has been obtained by legal service of process, and no appeal is taken, and the defendant then submits itself to the jurisdiction of the court by a general appearance in the case, should not all defects and irregularities of service be deemed waived under the New York practice, where that question may be finally settled by appeal before pleading to the merits? Of course, in those jurisdictions where such an order cannot be appealed from or reviewed except in connection with an appeal from the final judgment, a general appearance by answer or demurrer would not necessarily confer jurisdiction of the person. Having raised the question and received an adverse decision, and being then compelled to acquiesce therein until final judgment on the merits, the answer or demurrer should not be deemed a waiver of any illegality of service. See Southern Pac. Co. v. Denton, 146 U. S. 202, 13 Sup. Ct. 44, 36 L. Ed. 942, and like cases.

In Wabash Western Railway v. Brow, 164 U. S. 271, 17 Sup. Ct. 126, 41 L. Ed. 431, the question was whether the defendant, by filing its petition and bond and removing the case to the Circuit Court of the United States, thereby appeared generally and conceded jurisdiction over the person of the defendant Wabash Western Railway. The court held that it did not; that the appearance for that purpose and the taking of that step in the state court amounted to a special appearance only, and did not waive the illegality of the service of the summons in the state court. In that case it was perfectly clear that the service was illegal, as the process was not served on an officer of the defendant company or any person authorized to represent it. The case is valuable here, however, because of certain statements made by the court in its opinion, viz.:

"Although the suit must be actually pending in the state court before it can be removed, its removal into the Circuit Court of the United States does not admit that it was rightfully pending in the state court, or that the defendant could have been compelled to answer therein; but enables the defendant

to avail himself, in the Circuit Court of the United States, of any and every defense, duly and seasonably reserved and pleaded, to the action, 'in the same manner as if it had been originally commenced in said Circuit Court.' [Goldey v. Morning News] 156 U. S. 523. 525 [15 Sup. Ct. 559, 39 L. Ed. 517]. * * * Want of jurisdiction over the person is one of these defenses, and, to use language of Judge Drummond in Atchison v. Morris (C. C.) 11 Fed. 582, we regard it as not open to doubt that 'the party has a right to the opinion of the federal court on every question that may arise in the case, not only in relation to the pleadings and merits, but to the service of process; and it would be contrary to the manifest intent of Congress to hold that a party, who has the right to remove a cause, is foreclosed as to any question which the federal court can be called upon, under the law, to decide.' * * * The statute does not require the removing party to raise the question of jurisdiction over his person in the state court before removing the cause, or to reserve that question in respect of a court which is to lose any power to deal with it; and to decide that the presentation of the petition and bond is a waiver of the objection would be to place a limitation upon the jurisdiction of the Circuit Court, which is wholly inconsistent with the act. * * * And when removal is had before any step is taken in the case, as the statute provides that 'the cause shall then proceed in the same manner as if it had been originally commenced in said Circuit Court,' it seems to us that it cannot be successfully denied that every question is open for determination in the Circuit Court, as we have, indeed, already decided. * * * By the exercise of the right of removal, the petitioner refuses to permit the state court to deal with the case in any way, because he prefers another forum to which the law gives him the right to resort. This may be said to challenge the jurisdiction of the state court, in the sense of declining to submit to it, and not necessarily otherwise."

The court expressly stated that the statute relating to the removal of the cause does not require the removing party to raise the question of jurisdiction over his person in the state court before removing the cause, and also that the removal enables the defendant to avail itself of any and every defense duly and seasonably reserved and pleaded to the action, and further that, when removal is had before any step is taken in the case, the cause may be proceeded with after removal in the same manner as if it had been originally commenced in the Circuit Court. The court, in that case, it will be noted, held that by exercise of the right of removal the removing party refuses to permit the state court to deal with the cause in any way because he prefers another forum to which the law gives him the right to resort, and that this challenges the jurisdiction of the state court in the sense of declining to submit to it.

We may fairly infer from this that, where the party defendant before removing the cause resorts to the state court for the purpose of testing the legality of the service of process upon him bringing him into court, and obtains a decision which is adverse, and he then appears generally before removing the cause, he should be bound by the action of the state court to which tribunal he resorted for a determination of his rights before removing the case. This is decided in Guernsey v. Cross (C. C.) 153 Fed. 827, where it was held:

"On removal of a cause into a federal court, that court takes it precisely as it finds it, accepting all decrees and orders of the state court as adjudications, and will not entertain a motion which had been fully presented to and finally decided by the state court before removal."

Also, in Duncan v. Gegan, 101 U. S. 810, 25 L. Ed. 875, where it was said:

"The proceedings had in a cause are not vacated by its removal from a state court to the Circuit Court. * * * Held, that the Circuit Court, the cause having been thereto removed, properly ruled that the parties, as to the rights litigated and disposed of, were concluded by the judgment."

If this is not true, then a defendant, not intending to remove a cause which he knows to be removable, may appeal to the state court to set aside the service of the summons and, on meeting with an adverse decision, remove the cause and use this proceeding as an appeal from the state to the federal court where it is well known the decisions have been and are at variance with the Court of Appeals of the State of New York. True, the right of removal is statutory and absolute; but it seems to me that, when the right of the party challenging the service of the summons to test that question in the Circuit Court has not been reserved by an appeal in the state court, he should not be permitted to renew or revive the question in the Circuit Court after removal except upon the presentation of newly discovered evidence not presented in the state court. I think this in perfect accord with the decision of the Supreme Court of the United States in Remington v. Central Pac. R. R. Co., 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959, before cited, where the court held that the Circuit Court after removal had the power to entertain a motion to set aside the service of the summons and grant the motion if satisfied that the state court had made a mistake in denying the motion made there to set aside the service, and which motion was still pending on appeal and undetermined when the removal took place. As I look at it, the Circuit Court in that case took the removed cause as it found it— that is, with the question of the legality of the service of the summons undetermined in the state court—and thereupon proceeded on motion to determine the question as it thought the evidence and law demanded. That is not this case. Here the defendant, without necessity, before removing the cause, submitted the question of the legality of the service of the summons to the state court and took no appeal from its decision, but, on the contrary, without necessity, entered a general voluntary appearance and thereafter removed the cause. The defendant here elected to test the question of the legality of the service of the summons in the state court, and, having done so, before removal, should be held concluded by the decision of that court not appealed from and followed by the voluntary general appearance.

The defendant makes no contention that it has any newly discovered evidence on this motion not before the state court. It is not a case where the service of the summons was clearly illegal. The service was made upon the president of the defendant company at a time when he was acting within the scope of his apparent authority and was engaged in the transaction of business for the company of which he was the president. The affidavit of the plaintiff is that before that time the defendant company had hired at least two men at the city of Syracuse to work for it in Utah. There are two sides to the contention whether or not the president of the company was transacting business for the company in the state of New York within the meaning of the law at the time he was served with the summons. The defendant company at Syracuse, the plaintiff says, had hired the de-

cedent and another person at a prior time. Hoyt lost his life in Utah by reason of the negligence of the defendant company. Under the Utah statutes the company was liable to respond to the administratrix residing in Syracuse in damages for such death. The defendant company was under no legal obligation to send its president into the state of New York to settle or compromise the claim or gather information on the subject, but it elected so to do and sent its president, who appeared there and attempted to compromise and settle the matter on at least two different occasions. This was business of the company, and its president was clearly doing business for the company growing out of and connected with its main business. Of course, in the broad and general sense of doing business for which the company was organized, the president was not doing business for the defendant company.

In Brush Creek Coal & Mining Co. v. Morgan-Gardner Electric Co. (C. C.) 136 Fed. 505, it was held:

"Service of process on a general officer of a foreign corporation, who voluntarily came into the state to adjust a difference between the corporation and plaintiff with reference to the subject-matter of the suit, while such agent was within the state, was sufficient to confer jurisdiction of the corporation."

In Powers v. Chesapeake & Ohio Railway, 169 U. S. 92, 18 Sup. Ct. 264, 42 L. Ed. 673, by reason of the joinder of certain defendants the cause was not a removable one; having been removed, it was remanded, and the defendant joined issue, and the cause was noticed for trial; thereupon the plaintiff discontinued as to the individual defendants, whereby the cause became a removable one, and the defendant railway company thereupon removed the cause. The court held simply that when this action of the plaintiff made the cause a removable one for the first time the defendant company had the right to remove it. Of this there can be no question. In fact, the parties and issues were different, and the case was within the spirit, if not the letter, of the removal statute. The court referred to Northern Pac. R. v. Austin, 135 U. S. 315, 10 Sup. Ct. 758, 34 L. Ed. 218, where removal was denied and the appeal dismissed for the reason the defendant did not move in time. There the damages in the first instance were laid at less than $2,000, and, of course, the cause was not removable. Later the plaintiff amended, placing damages at more than $2,000, and this, with the fact of diversity of citizenship, made the cause a removable one. Here was a new issue to which the defendant was to respond. If defendant had removed the cause promptly on such amendment being made, it would have been proper and in time clearly. But these cases fall far short of holding that the question of the validity of the service of the process bringing the defendant into court litigated and settled in the state court, voluntarily, before such removal could have been again litigated in the Circuit Court after such removal.

Returning to the question whether the service of the summons in this case on the president of the defendant company while he was in the state of New York attempting to settle the controversy or cause of action was sufficient, if that was all the business done by the com-

pany in New York, I must hold, notwithstanding the holding in Brush Creek, etc., v. Morgan-Gardner, etc. (C. C.) 136 Fed. 505, above cited, that such service was not good and valid as matter of fact. The weight of authority is decidedly against the validity of such service. The question was clearly up before Judge McPherson in Louden Machinery Co. v. American M. I. Co. (C. C.) 127 Fed. 1008, and he held that the visit of the president of the defendant corporation to the state of Iowa even for the purpose of settling the claim, which he tried to do, was not doing business within the state sufficient to validate the service of process made upon him while engaged in the attempt to settle such disputed matter. Judge McPherson went thoroughly into the cases and presented the reasons for his holding with ability.

In Wilkins v. Queen City, etc. (C. C.) 154 Fed. 173 (Second Circuit), Judge Lacombe held that the presence of an officer of a corporation in another state than that of its domicile for the purpose of discussing the proposed adjustment of a single controversy does not constitute a doing of business within the state by the corporation such as to subject it to the jurisdiction of a federal court therein by service of process on such officer. Judge Lacombe, in writing the opinion and reaffirming a former decision vacating a service of the summons, referred to the opinion of Judge Grosscup in Houston v. Filer (C. C.) 85 Fed. 757, and also to the opinion of Judge McPherson above referred to, and said:

"The later decision seems to be more in accordance with the weight of authority and with the practice heretofore followed in this district. Clews v. Woodstock Iron Co. [C. C.] 44 Fed. 31."

The same question was before Judge Ward in the Second Circuit, in Craig v. Welch Motor Car Co., 165 Fed. 554, and he held that service upon a director of a foreign corporation while in the state of New York engaged in an effort to settle the controversy between the plaintiff and the defendant company was not sufficient. In these cases, the facts differing somewhat from the case in question, stress is laid upon the fact that, while the officers of the corporations were doing business, the business done was but a single transaction. Here the plaintiff claims that the defendant company had done business in the state of New York on one other occasion by hiring a couple of men at Syracuse to work for it in Utah.

I am of the opinion and hold that, while under the decisions in the federal courts the service of the summons upon the defendant's president under the circumstances detailed in the defendant's affidavits was not sufficient to bring it within the jurisdiction of the state court, the defendant company voluntarily and unnecessarily litigated that question in the state court and submitted to the decision there made without reserving the question by taking an appeal, and thereupon and thereafter appeared generally voluntarily in the case before removing it to the Circuit Court of the United States. I am also of the opinion and hold that, having litigated the question in the state court without taking an appeal, the question should not be reopened or reconsidered in this court on the conflicting affidavits presented. The litigation over such a question should end somewhere and at some

time, and I know of no better place to end a controversy over an incidental question, the validity of the service of process, than when it is submitted to the state court voluntarily and decided by it and acquiesced in by not taking an appeal which is open to the defeated party and followed by a general voluntary appearance in the case. The weight of authority is that matters which have been decided in the state court and not appealed from should be regarded as settled and ended when the case is thereafter removed to the Circuit Court. As already stated, I do not think such questions should be reopened in the Circuit Court except upon a showing of a new state of facts.

Motion to set aside the service and dismiss the case denied.