Estate of Bliss Stebbins, Deceased, Grace Cole Stebbins, Executrix, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 98097. Promulgated October 3, 1939.

*Raymond M. Hudson, Esq.*, for the petitioner.
*E. M. Woolf, Esq.*, for the respondent.

## OPINION.

Arundell: The respondent has moved to dismiss this proceeding for lack of jurisdiction on the ground that the petition was not filed within 90 days after the mailing of the notice of deficiency as required by section 272 (a) of the Revenue Act of 1934. The motion is resisted by the petitioner.

The notice of deficiency was mailed by the respondent on January 18, 1939. On April 17, 1939, counsel for the petitioner sent, and the Board received, a telegram reading as follows:

PETITION REQUESTING DETERMINATION OF STATUS OF TRANSFER OF CERTAIN STOCK BY DECEASED IN MATTER OF ESTATE OF BLISS STEBBINS GRACE COLE STEBBINS EXECUTRIX AGAINST COMMISSIONER FORWARDED THIS DATE

This telegram was stamped with the number 98097 and entries were made on the Board's docket indicating that the telegram was entered as a petition bearing that docket number.[1] On the same date, April 17, the Clerk of the Board issued a receipt stating that the Board had received and filed "Petition for redetermination" and acknowledging remittance to cover filing fee.

On April 17, 1939, counsel for petitioner mailed by air mail from Miami, Florida, a formal petition in the usual form. This was mailed at such time that under usual mail schedules it should have arrived in Washington, D. C., at 4 a. m. on April 18. It was received by the Board on April 19, marked "Amended Petition" by the Clerk's office and numbered docket 98097. April 19, 1939, was the ninety-first day after the date of the mailing of the deficiency notice.

---

[1] The entry on the docket book is dated April 11, which is obviously a clerical error.

The first question is whether the telegram, received within the 90-day period, was a petition so as to invoke the jurisdiction of the Board. It will be noted that it does not request a redetermination of a deficiency in taxes; it does not refer to a deficiency notice, or to any kind of taxes. Moreover, its wording indicates that, rather than intended to be an informal petition, it was intended simply as notice that a petition was on its way. It says: "Petition requesting redetermination * * * forwarded this date." Thus, on its face the telegram does not purport to be a petition.

But even if the petitioner intended to have the telegram considered as a petition, we think it was insufficient to invoke our jurisdiction. In *I. J. Rosenberg*, 32 B. T. A. 618, the petitioner sent a telegram to the Board saying "File this as tentative petition", and quoting the symbols of the deficiency notice. Thereafter, and outside the 90-day period, he filed a formal petition. The Commissioner moved to dismiss on the ground that the telegram was not a notice of deficiency. We sustained the motion, saying:

By no fair interpretation can the document be treated as "a petition for a redetermination of a deficiency." To allow it to be so treated would be to invite the mere statement of an intention to file a petition at some subsequent time to be accepted as a present filing of a petition. This would be in plain annulment of the letter and intention of the statute. The Commissioner is required, before proceeding by distraint or otherwise to collect a deficiency in tax, to give to the taxpayer the notice such as he gave in this case. And thereafter he is prohibited from proceeding for 90 days; and, if a petition for a redetermination of the deficiency has been filed, then until the decision of the Board has become final. These provisions of the law were intended for the benefit of the taxpayer. If he will enjoy that benefit he must do so in the way the law provides. As said in the case of *Percy N. Powers, supra* [20 B. T. A. 753], "Certainly it was not intended in bestowing a concession of this magnitude that its benefits could be secured by any means other than strict compliance with the letter of the law."

Following the reasoning of the *Rosenberg* case, we are of the opinion that the telegram in this case can not be considered a petition for redetermination as required by the statute. The acts of the Clerk of the Board in entering the telegram as a petition and issuing a receipt therefor as a petition could not cure its deficiencies. The Clerk's duties are ministerial and he has nothing to do with the character or purpose of papers tendered for filing. *United States* v. *Bell*, 127 Fed. 1003.

Our reports contain cases wherein jurisdiction has been held conferred by telegraphic petitions. *F. O. Statler*, 27 B. T. A. 342, is representative of these cases. There the telegram gave the date and symbols of the deficiency notice, the amounts of the deficiencies and penalties, and stated the grounds for appeal. It was obvious in that case that the petitioner intended the telegram itself to be a petition. In this case, as pointed out above, it does not so appear.

The mailing of a formal petition on April 17, 1939, was not a filing thereof with the Board either on that date or on the following day on which it should have arrived in Washington under usual postal schedules. In the very similar case of *Poynor* v. *Commissioner*, 81 Fed. (2d) 521, it is said:

It seems that the petitioners made no allowance for a failure of mail to move strictly according to schedule. A paper is filed when it is delivered to the proper official and by him received to be kept on file. Depositing a paper in the post office in time for it to reach the Board of Tax Appeals in the usual course of mail within the time allowed is not a filing of the paper with the Board.

As the petition herein was not received by the Board until April 19, 1939, which was the ninety-first day after the mailing of the notice of deficiency, it was not timely and does not give the Board jurisdiction to redetermine the deficiency.

The respondent's motion is granted.

*Order of dismissal will be entered.*